[Civ. No. 7372.  First Appellate District, Division One.—May 21, 1930.]

In the Matter of the Estate of HEINRICH OTTO WAHLE-FELD, Deceased.  LILLIAN WAHLEFELD, Administratrix, etc., Respondent, v. PAUL WAHLEFELD et al., Appellants.

J. W. Henderson for Appellants.

Snook & Snook & Chase for Respondent.

WARD, J., *pro tem.*—H. Otto Wahlefeld died intestate on the first day of September, 1927, leaving him surviving as his only heirs at law his mother, Wilhelmine Wahlefeld, and his wife, Lillian Wahlefeld. The mother died in Au-

gust, 1928, testate, bequeathing her estate to appellants herein, her son and daughter, Paul Wahlefeld and Mimi Wulf. The respondent presented her report as administratrix of the estate of H. Otto Wahlefeld and a petition for final distribution. The estate was appraised at $13,441.91. A demurrer was overruled and thereupon appellants filed an answer. The court made an order distributing the whole of the estate to the widow.

▮ Appellants first contend that the general and special demurrers should have been sustained. The special demurrer raised points of uncertainty, ambiguity, etc., but the petition was sufficient to proceed to a hearing. The general demurrer raised the main point in dispute in this proceeding, namely, was the property the separate property of H. Otto Wahlefeld or the community property of Wahlefeld and his wife, the respondent herein? The same question is raised on the final order and we may, therefore, save time by passing this point for the present.

▮ Appellants next contend that the court erred in admitting the testimony of respondent as to conversations and agreements claimed to have been entered into between the deceased and respondent in his lifetime concerning the subject matter of this action, the transmuting of separate estate into community property. The court's attention was called to the provisions of section 1880 in the following manner: "Mr. Henderson: I would like to call your attention to Section 1880. The Court: The order denying the motion may be vacated then. Mr. Henderson: Yes. I want to call your attention to Section 1880 of the Code of Civil Procedure. The Court: This is not an action upon a claim. Mr. Snook: No. Mr. Henderson: I think it is nothing else. It is a claim against the estate. The Court: Anything further, to submit on the motion to strike out. Mr. Henderson: I move to strike out all the testimony on the grounds that I have enumerated and the cases cited. The Court: The motion is denied. . . . " The objection was not timely; in fact, there was no objection at all. The record shows twenty-four pages of direct examination and sixteen pages of cross-examination before any reference is made to section 1880. The practice of permitting an examination without interposing objection or merely interposing general objections when specific ones should be mentioned is im-

proper. It gives a litigant an opportunity to weigh the testimony and if unsatisfactory to present a belated objection or motion. This same observation may be made upon the next contention of appellants, namely, that the court erred in admitting testimony as to any agreement and understanding as to disposing of property after death.

The evidence having been admitted without proper objection, we will nevertheless discuss its admissibility and sufficiency to sustain the order distributing the estate to respondent. This is not a claim or demand against the estate of a deceased person but a petition for an order declaring that the property was not the separate property of the deceased. It was not a claim for an amount due prior to the death of the deceased. It was not against the administrator upon a claim or demand against the estate of the deceased. In *Maguire* v. *Cunningham,* 64 Cal. App., at pages 548, 549 [222 Pac. 838, 843], an action by a surviving husband against the estate of his deceased wife for the purpose of procuring a decree, first, quieting title to real property; second, quieting title to personal property, and third, for money had and received in which it was contended first that a claim against the estate should have been filed (which is also claimed in this proceeding) and second that the court erred in permitting the respondent to testify; the court said: ''Appellants also insist that the trial court erred in overruling objections made to the competency of respondent as a witness under the language of Code of Civil Procedure section 1880, subdivision 3, providing that parties to an action cannot be witnesses if the action is 'against an executor or administrator upon a claim or demand against the estate of a deceased person.' These two points may be treated together, as they are both concluded by *Bollinger* v. *Wright,* 143 Cal. 292 [76 Pac. 1108]. The legal question in that case was identical with the last of the two which we have just stated, that is, the one arising under Code of Civil Procedure section 1880, and the case was in principle like the present one. The court said: 'We are of the opinion that the witness was competent and the evidence properly admitted. The controversy is not concerning a claim or demand against the estate of deceased within the meaning of the section. It is concerning the property of plaintiff and to quiet a

claim or demand or title asserted by the estate of such property. The question to be determined is as to whether or not the interest held by deceased under the deed is the property of the estate or the property of plaintiff. If it is not the property of the estate, then the action does not involve a claim or demand against the estate. To hold that the claim or demand in controversy here was a part of the estate, and thus render the witness incompetent, would be to determine in advance the very question at issue.' The point in the case cited, it is true, relates specifically to the question presented here under section 1880, only, but the reason of the opinion is directed as clearly at the point raised under section 1500. This is shown by the sentence, 'If it (the property involved) is not the property of the estate, then the action does not involve a claim or demand against the estate.' We are aware that the question of the applicability of section 1500 has often been held to turn on the question whether a money judgment was sought to be obtained in the action in which the application was attempted to be made. This fact would seem to lend some plausibility to a contention that the section applies to so much of the present action as relates to the sum of $3,000 in cash. It is to be remembered, however, that the action, considering now the second count of the complaint, is to quiet title to the sum named, as personal property. Under all the authorities, and especially under *Bollinger* v. *Wright, supra,* the section cannot apply to actions to quiet title to real property. With equal reason it cannot apply to an action to quiet title to personal property in the shape of a herd of cattle. It seems to follow clearly, as well, that it cannot apply to an action to quiet title to personal property in the form of cash. The reasoning of *Bollinger* v. *Wright* seems to fit all three classes of cases, or rather, to show that there are not three classes, but only one. No claim need have been filed prior to the commencement of the action. Respondent was a competent witness to all the matters concerning which he testified.'' There is no difference in principle between an action to quiet title to real and personal property and a petition to have the whole of the estate distributed as community property so far as the provision of subdivision 3 of section 1880 of the Code of Civil Procedure is concerned.

H. Otto Wahlefeld, the deceased, for about fifteen years prior to 1925 had been engaged in the lumber business in San Francisco, from which he obtained at the time of its discontinuance approximately $10,000 in cash, notes and lumber. The deceased in April of 1925 started a new business in Berkeley under the name of the Pacific Hardwood Lumber Company. For a period of over five years prior to the inception of the Pacific Hardwood Lumber Company the deceased had been betrothed to Lillian Boedefeld, whom he married in November, 1925, and who is the respondent herein. Between April and November, 1925, Lillian Boedefeld invested in the Pacific Hardwood Lumber Company $16,000 and after November, as Lillian Wahlefeld, an additional $1,000. H. Otto Wahlefeld died on October 21, 1927, and as the administratrix of his estate, respondent filed her report and petition for final distribution, which set forth that the real property consisted of the lot and improvements of the Pacific Hardwood Lumber Company and certain accounts due the company; that the property was acquired through money paid deceased by respondent to be invested for her in the business and that the title to the real property was taken in the name of deceased for convenience only and that said property was held for respondent; that deceased contributed certain stocks of hardwood and panels; that respondent after marriage, as per agreement, gave her time and attention to the conduct of the business and that it was agreed before marriage and ratified thereafter that all of the personal and real property of the business should become the community property of deceased and respondent; that no money was drawn out of the business except for the personal account of the deceased and the living expenses of H. Otto Wahlefeld and the respondent.

Appellants contend that the court erred in finding that upon the marriage all property theretofore invested by deceased and respondent in real property and all other property invested by them became and was at all times thereafter community property. Husbands and wives may contract to change property from community to separate or from separate to community property, and this may be done before marriage if the contract is in writing or if an oral contract is fully executed. Such action is not assailable

by third parties on the ground that it was not in writing if the contract is completely executed (*Hussey* v. *Castle*, 41 Cal. 242, and *Martin* v. *Pritchard*, 52 Cal. App. 724 [199 Pac. 846]). In the present case there was a meeting of minds and any form of express words, either spoken or written, that the property was to be considered community property was sufficient. (*Vieux* v. *Vieux*, 80 Cal. App. 227 [251 Pac. 640].) ▮ We can see no objection to parties prior to marriage agreeing that certain properties shall be community property upon marriage when such an agreement is not a prerequisite to the marriage contract and when the oral agreement is fully executed. Counsel for appellants relies upon the case of *Graves* v. *Graves*, 48 Wash. 664 [94 Pac. 481]. But the decision in that case is not in conformity with the decisions in California. The case of *Hagan* v. *McNary*, 170 Cal. 141 [L. R. A. 1915E, 562, 148 Pac. 937], has also been called to our attention, but that was a case wherein complete performance could not take place until after death, ▮ but in the present case the agreement was completed, firstly, by marriage and, secondly, by ratification as to separate property contributed to the business after marriage. The contract before marriage or the ratification thereafter did not provide that the property was to become community property upon the death of either party, but it did provide that it was to become community property after marriage. Upon divorce it would have been subject to disposition by the courts (*Vieux* v. *Vieux, supra*).

▮ There is a variance between the pleadings and the proof, as appellants claim, but not such a variance as to mislead appellants upon the hearing. The vital issue was whether respondent was entitled to the estate as community property. The petition alleged that the contract was made after marriage. The proof was that it was made before marriage and ratified thereafter. The proof was not wholly outside the pleadings and the evidence corresponded in substance to the allegations and was relevant to the question in dispute (Code Civ. Proc., sec. 1868). The findings followed closely the main issue, and not being at cross purposes with either pleadings or proof, are sufficient. The cases cited by appellants are matters wherein there was a ·direct conflict between the pleadings and the proof.

Appellants contend that when there is a variance an objection to the admissibility of the evidence or a motion for a nonsuit should be granted. With this we agree. The objections made by counsel were along the line that the testimony was inadmissible because there was no written contract and at no place in the transcript do we find any objection that there was a variance between the proof and the allegations. Likewise, the record fails to disclose a motion for a nonsuit, if such motion would have been proper in this proceeding.

There was no error in the order overruling appellants' demurrer, nor in the admission of testimony as to the agreement between the parties to the effect that their separate property should become community property, nor in the finding that there was upon the marriage of the parties a fully completed agreement transmuting all separate property of both parties into community property and that upon the death of the deceased his wife was entitled to the distribution of the whole of the estate.

Judgment and decree affirmed.

Tyler, P. J., and Cashin, J., concurred.