[Civ. No. 722.   Fourth Appellate District.—March 29, 1932.]

LOUISE A. THOMAS, Appellant, v. HUGO H. HOFF-
MAN, Respondent.

214

Leland J. Allen for Appellant.

Victor Ford Collins and Arnold M. Cannan for Respondent.

BARNARD, P. J.—This is an action to quiet title. On July 21, 1923, the plaintiff and her husband, F. A. Thomas, as vendees, entered into a contract to purchase the real property in question. On January 9, 1925, her husband assigned his interest in this contract to the plaintiff and she subsequently received a deed to the property. Some time after January 9, 1925, this defendant recovered a judgment against the husband, F. A. Thomas, and after sale of this property under execution, received a sheriff's certificate of sale. In this action, which followed, the defendant set up his claim under the certificate of sale, pleading a fraudulent transfer from his judgment debtor to the plaintiff, and that this transfer was made while the judgment debtor was insolvent. The trial court found in all respects for the defendant, finding that the judgment debtor was insolvent and that the transfer was fraudulent. The plaintiff has appealed from the ensuing judgment upon the following grounds: 1. That there is no evidence of insolvency on the part of her husband. 2. That there is no evidence of fraud or of an intent to defraud. 3. That the court erred in refusing to admit certain evidence. 4. That the court erred in the form of the judgment.

■ The claims of insufficiency of the evidence are without merit, nothing more favorable to the appellant appearing than the usual conflict. In relation to the solvency of the judgment debtor after the transfer which is here questioned, there is evidence that all of the property he had left consisted of an account in a bank, the amount of which he did not know but which, as near as he could remember, was from $100 to $150; a Chevrolet automobile which he had purchased two years before for $700 and which he sold two years later for $50, but the value of which at the time of the transfer is in no way shown; and the sum of $500 which was owed to him by his son as the purchase price of a mortgage and a farm, if the testimony in favor of the appellant is accepted as true. However, the surrounding circumstances shown by the evidence were such that the court may well have refused to believe that this last asset existed. In any event, these assets were entirely insufficient to cover the claim of the respondent, which was over $1800.

Upon the question of fraud and fraudulent intent, there is evidence to show that on December 15, 1924, the respondent and F. A. Thomas held a conference in an attempt to settle differences that had arisen between them in a previous business deal. At this conference Thomas offered to settle for $50 and the respondent offered to settle for $100. Nothing was done and two days later, the respondent told Thomas that he would withdraw his offer to settle for $100 and would file suit for the purpose of going into the entire matter. On January 6, 1925, a letter from the respondent's attorney was mailed to Thomas demanding an immediate adjustment of the matter. Subsequently, a suit was brought resulting in the judgment against Thomas. In the meantime, on January 9, 1925, Thomas and his wife, the appellant, went to an attorney and had papers prepared transferring practically all of the husband's property. His interest in the real property here in question was transferred to the appellant by the assignment above referred to, the appellant testifying that she paid nothing. At the same time, Thomas transferred to the appellant the sum of $670.43 which he and the appellant had in a joint bank account, and a new account for this amount was opened in this bank in the name of the appellant alone. At the same time, a ranch which was owned by the parties and a mortgage for $3,000,

which they also owned, were transferred to their son. It appears that these parties had a very substantial equity in this ranch and that the $3,000 mortgage was good and was later paid. Yet, appellant and her husband both testified that both of these properties were sold to their son for the sum of $500, which amount was to be later paid to them and which was paid within twenty-one months. In this connection, it appears that the attorney who drew the papers transferring these properties to the son, prepared no agreement whereby the son was to pay the $500, or any other sum, to his parents. But Thomas testified that he himself prepared a written agreement to that effect which the son signed, but which was not produced, Thomas stating that he had destroyed it after the $500 was paid. About the same time, another pair of lots which the parties owned and which they had bought for $157.50, was, according to the appellant's testimony, transferred to a sister of Thomas, there being no testimony of any consideration therefor. It thus appears that almost immediately after Thomas was threatened with suit, practically all of his property was transferred, including the real property here involved, for an entirely inadequate consideration and leaving him with assets which, viewed in the most favorable light possible, were worth only a small proportion of the amount of the judgment against him. In this connection, it is interesting to note the reason given by the appellant in her testimony, as to why these properties were transferred by her husband, the explanation being that her husband was ''in poor health and wished to go into some kind of business and I was absolutely willing that he should go into business and so I helped him''. It would hardly seem that the transfer of this property for nothing, the selling of a ranch and a $3,000 mortgage for $500, even that to be paid in installments, the transfer of a lot to his sister, which, if paid for at all, was paid for twenty-one months later, and the transfer of $670.43 in the bank to the appellant, could have facilitated his going into business, or been necessary thereto. While there was some evidence which, with the possible inferences pointed out by appellant, created some conflict, not only are the findings amply sustained, but this record presents an unusually plain case of a transfer of property to avoid an anticipated judgment.

It is urged that the court erred in refusing to admit certain evidence which was offered. The offer was to prove by a certain witness that at the time the land here involved was purchased, statements were made by the appellant and her husband to the effect that the land was being bought for her as her separate property, and that prior thereto, when another property was sold, the proceeds were so divided that Mr. Thomas took his share and Mrs. Thomas took her share and that she bought this property with the intent that it was to be her separate property. █ The first part of the offered proof was a self-serving declaration, and such a change from community to separate property is to be proved only by showing a definite present agreement to that effect. █ As to the second portion of the offer it was technically not sufficient, as no present positive agreement to that effect was offered to be proved, nor was it offered to be proved that the husband had any such intent. However, considering the offer on its merits, it appears that in ruling on this offer, the court stated that it was refused because it had been stipulated that this property was the community property of the parties up until the assignment of the contract on January 9, 1925. This statement was not denied by the appellant and we must accept it as true. In addition, it may be pointed out that when the property was first purchased, it was taken in the name of the appellant and her husband as joint tenants, which is inconsistent with the claim that it was purchased as her separate property. The husband also testified that this property was a part of the assets he had on January 5, 1925, and that he had paid installments on the purchase price prior to that time. In view of the state of the record and the form of the offer, we are unable to see any reversible error in the rejection of this evidence.

█ The last contention made is that the form of the judgment was erroneous, in that the judgment included a provision to the effect that if the appellant paid to the respondent within six months the amount paid by him for the sheriff's certificate of sale, then and in that event the appellant's title to the property should be quieted. Not only was this provision entirely equitable and in favor of the appellant, but it appears that this provision was entered in the

judgment upon her stipulation that the same might be done, and she is, therefore, in no position to complain.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.