[S. F. No. 14886. In Bank.—February 26, 1934.]

SADIE A. KENNEY, Appellant, v. WILLIAM J. KENNEY, Respondent.

J. E. McCurdy and F. E. Hoffman for Appellant.

A. Devoto for Respondent.

WASTE, C. J.—Plaintiff appeals from an interlocutory decree of divorce, from an order denying her counsel fees and costs on appeal and support money pending appeal, and from an order denying her motion for a new trial. █ The latter order is nonappealable and the purported appeal therefrom must therefore be dismissed. The remaining two appeals will be considered presently.

The action was instituted by appellant to procure a divorce on the ground of extreme cruelty. Respondent answered and cross-complained. At the commencement of the trial it was apparent to court and counsel that the parties had reached a point where reconciliation was inconceivable and that the important issue in the case, therefore, had to do with a division of the property of the spouses. In view of this, and following a discussion between court and counsel, it was stipulated in open court that in consideration of the withdrawal of respondent's cross-complaint the appellant would "forego the question of any more than a fair or equal division . . . of the community property". The cross-complaint was thereupon withdrawn and the appellant in a more or less perfunctory manner, and solely to satisfy the requirements of section 130 of the Civil Code, offered meager but corroborated proof tending to establish the allegations of her complaint. With this matter out of the way, the court then proceeded to hear evidence addressed to the extent, kind and character of property owned by the parties.

The evidence on this issue is voluminous, highly contradictory and in many respects confusing. Without attempting to relate the evidence in detail, but referring to such portions only as tend to support the trial court's disposition of this phase of the litigation, it appears that at the time the parties married in 1919 the appellant was possessed of real property approximating in value $2,000, while the respondent husband owned property, real and personal, of approximately $8,000 in value. During the marital status some of this property was improved, some disposed of, and other property acquired. To attempt to trace any particular fund or parcel would not only be difficult but a futile and useless task in view of the trial court's finding that all property owned by the spouses at the time of the commencement of the action was community property. This finding is amply supported by evidence tending to show an executed oral agreement between the parties that all property owned by them at the time of marriage and all property subsequently acquired should be community property.  ▆▆  That such an executed oral agreement serves to change the status of property from that of separate to community is now well settled. (*Estate of Sill,* 121 Cal. App. 202, 204, 205 . [9 Pac. [2d] 243]; *Estate of Wahlefeld,* 105 Cal. App. 770, 775, 776 [288 Pac. 870]; *Vieux* v. *Vieux,* 80 Cal. App. 222, 226, 227 [251 Pac. 640]; *Martin* v. *Pritchard,* 52 Cal. App. 720, 724 [199 Pac. 846].) In *Estate of Sill, supra,* it is stated: "Without regard to the presumption found in section 164 of the Civil Code, it is well settled that the separate property of either or both spouses may be transmuted into community property and this may be done without the necessity of any written agreement providing the agreement or understanding to that effect is fully consummated."

In the instant case the respondent testified that the parties had orally agreed, both before and after marriage, that all property then owned by them or subsequently acquired was to belong to them equally or, as respondent put it, "fifty-fifty". That this agreement not only existed between the spouses but was, in fact, consummated by them during their marital.life, is established ard confirmed by their acts and conduct during that period in their dealings and transactions, appearing at length in the transcript, concerning the

selling, purchasing, mortgaging and improving of said properties.

The evidence being sufficient to establish the community character of the property involved, we now turn our attention to the trial court's division thereof, with a view to determining whether it constitutes a "fair or equal division" as contemplated in the stipulation above referred to. In the main, the property of the spouses consists of five parcels of real property, four of which are lots situate in San Mateo County and the fifth being a ranch situate in Lake County. Three of the San Mateo County lots are improved, two of them being income bearing and the third being occupied by the appellant as her home. Appellant was awarded the three improved San Mateo parcels and the respondent was awarded the unimproved San Mateo lot and the Lake County ranch. As is to be expected, the values placed on these several parcels by the appraisers called by the parties are at variance. Under well-settled principles we are required, in the face of such conflict, to accept that portion of the evidence as to value which tends to support the trial court's division of the several parcels. With this in mind, we accept for present purposes the values fixed by respondent's appraisers, from which it is apparent that the three parcels awarded to the appellant are respectively valued at $4,500, $3,750 and $3,525, aggregating $11,775, while the two parcels awarded to the respondent are respectively appraised at $10,000 and $1500, totaling $11,500.

Appellant urges, however, that while these figures tend to indicate that she has been awarded in excess of one-half of the common property, the existence of encumbrances on two of the parcels awarded to her serves to reduce her share thereof below one-half of the aggregate value. In this connection it is important to bear in mind that the court below has awarded appellant *all* of the rent-bearing properties. In addition, the trial court had in mind that appellant throughout the existence of the marriage, as disclosed by the evidence, handled and banked practically the entire income of the parties, including the earnings of both spouses and the rentals from the properties. It further appears in the evidence that appellant had banked much of this income in her name alone and had consistently failed and neglected to ap-

prise respondent of the status of such account or accounts. Moreover, appellant upon the trial of the cause failed and neglected to produce her bank statements disclosing the condition of such account or accounts, though she was repeatedly requested so to do and repeatedly promised so to do. With these matters before it we are not prepared to say that the court below made an unequal or unfair division of the community property of the spouses.

This brings us to a consideration of the propriety of the order of the lower court denying appellant's motion for costs and counsel fees on appeal and support money pending appeal. Such a motion is, of course, addressed to the sound discretion of the trial court and, in the absence of a clear showing of abuse in the exercise thereof, its determination will not be disturbed on appeal. (*Mudd* v. *Mudd,* 98 Cal. 320, 322 [33 Pac. 114]; *Gay* v. *Gay,* 146 Cal. 237, 240 [79 Pac. 885].) In view of the fact that the court below prior to trial allowed the appellant costs and counsel fees in an amount of $85 and support money pending trial in an amount of $50 a month; in view of the further fact, already referred to, that appellant under the interlocutory decree has been awarded the rental-bearing properties; and in view of appellant's consistent failure to disclose the condition of bank accounts standing in her name alone and containing community funds, we cannot say that the lower court abused its discretion in denying the motion for costs and counsel fees on appeal and support money pending appeal.

In conclusion it should be noted that appellant makes the point that the court below failed to find on the issue of residence. In this appellant is technically correct. The omission is readily explainable. At the commencement of the trial, as already related, court and counsel in effect agreed that a divorce was essential and that the sole and important issue in the case concerned a division of the properties. Because of this, the evidence tending to establish the ground of divorce was, as stated above, meager, though sufficient, while that addressed to the property rights was voluminous. Under the circumstances, the trial court's findings concern themselves, in the main, with such property rights. However, the complaint contains the necessary alle-

gation of residence and a reading of the record discloses it was established by the testimony of appellant and her corroborating witness. Therefore, in order to satisfy the statutory residence requirement, and under the authority conferred on appellate courts by section 956a of the Code of Civil Procedure, the findings of the trial court are hereby modified and amended by adding thereto the following finding: "That all of the allegations of paragraph I of the plaintiff's complaint are, and each is, true." That an appellate court may make additional findings in order to affirm a judgment is now settled. (*Tupman* v. *Haberkern*, 208 Cal. 256, 266 [280 Pac. 970].)

What we have said amply disposes of the several appeals herein.

The appeal from the order denying a new trial is dismissed and the appeals from the interlocutory decree of divorce and from the order denying costs and counsel fees on appeal and support money pending appeal are, and each is, affirmed.

Curtis, J., Shenk, J., Preston, J., Thompson, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.