[Civ. No. 5988.   Third Appellate District.—July 7, 1938.]

W. E. BRERETON et al., Appellants, v. J. W. BURTON et al., Respondents.

Donald B. Fowler for Appellants.

Wilcox & Rodin for Respondents.

THOMPSON, J.—From a decree declaring that plaintiffs' judgment lien against certain lots in Turlock is subordinate to a mortgage lien held by the defendants the plaintiffs have appealed.

This is a suit for declaratory relief under the provisions of section 1060 of the Code of Civil Procedure. The facts are not disputed. Most of the essential facts were contained in a written stipulation which was received in evidence. It includes the following facts: Prior to March 27, 1925, Helen Frances Rowe, a widow, owned the north half of lot 8 and lots 9 and 10, block 323, of the city of Turlock, county of Stanislaus. March 9, 1925, to secure a loan procured from the defendants, Mrs. Rowe executed and delivered to the defendants her promissory note for the sum of $2,200 secured by a trust deed of even date therewith upon the lots above described. The trust deed was duly recorded March 27, 1925. January 7, 1926, the plaintiffs recovered judgment against Mrs. Rowe for the sum of $911.59. January 7, 1931, the plaintiffs commenced an action against Mrs. Rowe to renew the last-mentioned judgment. Judgment was rendered for the plaintiffs in that action September 25, 1935, for the amount of the original judgment together with interest and costs aggregating the sum of $1545.42. Neither the trust deed nor the said judgment was satisfied, except that Mrs. Rowe paid defendants $200 on account of her indebtedness to them. To renew her former note and trust deed in favor of the defendants, Mrs. Rowe executed and delivered to them her promissory note February 12, 1932, for the sum of $2,000 secured by her trust deed upon the above-described lots, which deed was also duly recorded.

The evidence discloses the following facts: Mrs. Rowe was never able to make any payments whatever on her indebtedness to the defendants represented by her note for $2,000

and trust deed upon the lots in question. The defendants were not aware of the judgment lien which the plaintiffs claimed against the property. An attorney by the name of Cornell represented Mrs. Rowe. The defendants interviewed Mrs. Rowe in the spring of 1936, seeking to obtain a settlement of her indebtedness to them. She told them she was not able to pay them a cent of the indebtedness. She advised the defendants to see her attorney, Mr. Cornell, who might arrange to refinance the loan. They subsequently talked with Cornell, who confirmed his client's statement that she was unable to pay any part of the debt, but he suggested that she might be persuaded to deed to them the property in question, in settlement of her debt. The defendants told Cornell the property was not worth more than the indebtedness, and that they did not want it, but that if that was the best they could do, they might accept a deed to the property *provided it was clear of all other encumbrances.* April 20, 1936, pursuant to the last-mentioned conversation, Mr. Cornell sent to Mr. Wilcox, attorney for the defendants, a grant, bargain and sale deed to the lots in question, duly executed by Mrs. Rowe to the defendants. That deed contains the following clause:

"It is understood and agreed that this deed is given and received in consideration of the cancellation by the grantees of that certain debt or obligation to secure which the grantor did execute a certain deed of trust bearing date of March 9, 1932."

It is conceded the trust deed referred to in the last-quoted paragraph was the one given by Mrs. Rowe, February 12, 1932, to secure the renewal of her previous $2,000 indebtedness. The grant deed was neither delivered to nor accepted by the defendants. The evidence is uncontradicted that they specifically authorized their attorney to accept the deed only *provided it conveyed to them a clear title to the lots unincumbered by any other liens.* The deed in question was never recorded. Defendants' attorney, Mr. Wilcox, forwarded it to the Modesto Title Company for a search of the records and a report on the title to the lots. After considerable lapse of time the title company reported that the lots were subject not only to the trust deed held by the defendants, but also to a judgment lien for $1545.42 in favor of the plaintiffs. Neither Mrs. Rowe nor her attorney was ever notified that

the deed had been accepted by the defendants. In the meantime the property had been rented by Mrs. Rowe, who finally moved away, leaving the beneficiaries under the trust deed to look after the property. Pending the time defendants were waiting for a report on the property from the title company, they collected five months' rental therefrom, but applied all of those collections to the payment of taxes and necessary repairs against the property. The defendants received absolutely no personal benefit from any rentals collected from the property.

Learning of the transaction pending between the defendants and Mrs. Rowe, the plaintiffs contended that the defendants by their conduct duly accepted delivery of the grant deed from Mrs. Rowe, which equitably required them to cancel their trust deed of February 12, 1932, leaving plaintiffs' judgment a prior lien against the property. A controversy arose between the parties to this suit regarding their respective rights under their several instruments affecting the title to the property. This suit was thereupon commenced, seeking declaratory relief under section 1060 of the Code of Civil Procedure. The court adopted findings to the effect that the grant deed, dated April 20, 1936, from Mrs. Rowe to the defendants was never delivered or accepted by the grantees, and that it is therefore void. The court then found that the defendants held a valid first lien and senior mortgage against the lots in question by virtue of their deed of trust thereon, dated February 12, 1932, to secure the indebtedness of Mrs. Rowe to them of the sum of $2,000 and accrued interest and costs, and that the plaintiffs' judgment lien was junior and subject to the defendants' said lien. Judgment was rendered accordingly. From that judgment the plaintiffs have appealed.

■ It is true that a valid and binding delivery of a deed of conveyance of real property may be accomplished by handing it to a third party when it satisfactorily appears that both the grantor and the grantee intended that such delivery of the instrument would result in a present transfer of title to the grantee. (*Stone* v. *Daily*, 181 Cal. 571 [185 Pac. 665] ; 9 Cal. Jur. 172, sec. 65.) The intention of the parties to a grant deed with respect to the actual passing of title by transferring the custody of the instrument to a third party, and the acceptance thereof by the grantee as a conveyance of

title, are always essential questions to be determined (*Kenney* v. *Parks,* 137 Cal. 527 [70 Pac. 556]; *Neely* v. *Buster,* 50 Cal. App. 695 [195 Pac. 736]; 9 Cal. Jur. 155, sec. 52.)

█ In the present case there is ample evidence to support the findings that the deed was transported to the attorney for the defendants conditionally without the intention of thereby conveying title to the land unless it developed that the grantor thereby conveyed clear title thereto free of all encumbrances other than the lien held by the grantees, and that the grantees did not thereby accept unqualified delivery of the deed. It appears the title was not clear but upon the contrary that it was then subject to the judgment lien.

█ It is also true that a voluntary acceptance of the benefits of a transaction accompanying the conveyance of real property is competent evidence tending to show a delivery and acceptance of the deed thereto. (*Hibberd* v. *Smith,* 67 Cal. 547 [4 Pac. 473, 8 Pac. 46, 56 Am. Rep. 726]; 9 Cal. Jur. 187, secs. 75 and 76.) The circumstances of placing the deed in escrow for a proposed exchange of properties conditioned upon the existence of a clear title to the land and the collection by the grantees of rental from the property and the application thereof to the payment of taxes and necessary improvements thereon do not constitute conclusive evidence of an acceptance of the conveyance. In determining the legal effect of sending the grant deed to the attorney for the grantees and their conditional acceptance thereof as a valid binding conveyance of the property, all of the circumstances of the transaction should be considered with the object of ascertaining therefrom the intention of the parties to the deed. In the present case there is ample evidence to support the finding of the court that there was not a valid or binding delivery or acceptance of the deed as an absolute conveyance of the title to the land for the reasons that the grantees held a trust deed on the land to secure their previous loan and the grantor had rented the house and left it for the grantees to collect the rent and care for the property, and it became necessary for them to pay the taxes and make necessary repairs thereon to protect their lien. The grantees did not personally profit by the manner in which they handled the property except to protect their lien thereon. The circumstances of this case are not in conflict with the finding that the manner in which the grantees handled the property

does not show, as a matter of law, that the deed was delivered with the intention of thereby absolutely conveying title or that the grantees thereby accepted unconditional delivery of the instrument.

The judgment is affirmed.

Pullen, P. J., concurred.