[Civ. No. 2753. Fourth Dist. July 11, 1941.]

JOHN H. SCHIPPER, Respondent, v. BASSEL PENKAL-SKI, Appellant.

Roland T. Williams for Appellant.

Julius A. Leibert for Respondent.

KELLY, J., *pro tem.*—This appeal comes up on the judgment roll alone. The outline of the facts chronologically considered is as follows: Annie Penkalski sued Bassel Penkalski for divorce. On August 26, 1926, the interlocutory decree of divorce was entered in favor of Annie and against Bassel. The complaint alleged that the parties owned as community property, lot 35, tract 2871, as per book 33, page 96 of maps, records of Los Angeles County. This property was held to be community property and awarded to Annie. On September 16, 1927, the final decree was entered confirming the interlocutory decree as to the award of the community property. On February 26, 1929, plaintiff for the first time discovered that the description of the community property was erroneous in that the parties owned not lot 35, but lot 95, in the same tract. Seeking to correct the error, plaintiff moved the court for an order of modification of the final decree. On May 17, 1929, some 20 months after the final decree had been entered, the court made its order labeled "Amended Final Judgment of Divorce." This order recites the filing of the interlocutory decree and the substance thereof, but wholly ignores the entry of the final decree of September 16, 1927, and proceeds to execute the order as though it were the only final decree in the action. It confirms the award of the property as made in the interlocutory decree but recites that the property described in the complaint and in the interlocutory decree should be described as

lot 95 instead of lot 35. On October 29, 1938, the plaintiff discovered that the amendment was of no validity and on November 5th of that year she filed her complaint herein in two counts, the first alleging that the error in the description of the property was typographical, both in the pleadings and in the decrees. She further alleges that she has owned and possessed the said lot 95 by virtue of the interlocutory decree of divorce since its entry and that she has paid all taxes and assessments thereon and that the defendant claims an interest therein adverse to her. She prays that the pleadings and decrees in the divorce action be amended to read: "Lot 95, tract 2871, as per book 33, page 96 of maps, records of Los Angeles County." She further prays that her title be quieted. The defendant by his answer denies that lot 95 was owned by the parties as community property but alleges that on the contrary it was owned by them as joint tenants. On November 9, 1938, Annie died and one John H. Schipper moved the court for an order substituting him as plaintiff in the place and stead of Annie. His motion was granted. The defendant thereafter filed a supplemental answer. Thereafter, the court made findings of fact and conclusions of law and entered its judgment in favor of the substituted plaintiff and against the defendant, who takes this appeal.

The court found "That it is true that said *Anna* Penkalski had occupied and exercised adverse possession over said property openly, notoriously, exclusively and continuously from the 26th day of August, 1926, and until her death, which occurred on the 9th day of November, 1938, and during said period paid all taxes on said land." This court, not being supplied with a transcript of the evidence, must conclusively presume that evidence sufficient to sustain every finding of the court was received. (*Berri* v. *Rogero,* 168 Cal. 736 [145 Pac. 95] ; *Haase* v. *Central Union H. S. Dist.,* 27 Cal. App. (2d) 319 [80 Pac. (2d) 1044].)

[1]. In view of the somewhat confused state of the record, the court will direct its attention to the issues presented by the second count of the plaintiff's complaint and the defendant's answer thereto. It seems to be assumed by the brief writers that Annie and Bassel held lot 95 as joint tenants. In fact the answer of the defendant so alleges. We find, however, nothing in the findings of fact to sustain such a conclusion. Assuming, however, that the parties to the

divorce action took title to the lot in question as joint tenants, the recital of such in the title deed would not be conclusive. Husband and wife may, by a written agreement or by an executed oral agreement, transmute the character of the property held by them and such agreement will be given effect by the law. (Civ. Code, secs. 158, 159; *Yoakam* v. *Kingery,* 126 Cal. 30 [58 Pac. 324]; *Perkins* v. *Sunset Tel. & Tel. Co.,* 155 Cal. 712 [103 Pac. 190]; *Kenney* v. *Kenney,* 220 Cal. 134 [30 Pac. (2d) 398]; *Thomas* v. *Hoffman,* 122 Cal. App. 213 [9 Pac. (2d) 538]; *Estate of Sill,* 121 Cal. App. 202 [9 Pac. (2d) 243]; *Estate of Wahlefeld,* 105 Cal. App. 770 [288 Pac. 870]; *Estate of Henderson,* 128 Cal. App. 397 [17 Pac. (2d) 786].) In the present state of the record we cannot definitely say what was the character of lot 95 at the time that Annie entered into possession. However, that character must be presumed which best serves to sustain the findings, conclusions, and judgment. The court found and decreed ''that plaintiff *Anna* Penkalski acquired all the right, title and interest of defendant in and to the said premises by adverse possession.''

[2]. Appellant contends that at the time this action was instituted the original plaintiff, Annie, had no interest in the property and supports this contention by reference to the decision of the court. The court found as follows: ''That it is true that prior to the death of said *Anna* Penkalski, to wit, on the 24th day of October, 1938, she entered into a contract with the now plaintiff, John H. Schipper, whereby she agreed for a valuable consideration to sell, transfer and convey all her right, title and interest in and to the said premises to said John H. Schipper by a deed and that the deed and all papers were to be placed in escrow with the Los Angeles Escrow Company until all conditions shall have been met. That it is true that since the commencement of this action and after the death of said *Anna* Penkalski, said John H. Schipper had met all the conditions and received delivery of the deed from the said Los Angeles Escrow Company.'' Schipper was substituted as plaintiff in place of Annie, by order of court.

From this finding we cannot assume that Annie (sometimes referred to as Anna) had divested herself of title. Had she placed her deed in escrow beyond the power of recall and retained no further control over it, title would have im-

mediately vested in the grantee, Schipper. (*Brereton* v. *Burton,* 27 Cal. App. (2d) 464 [81 Pac. (2d) 238].) If the deed was deposited in escrow to be delivered to the grantee upon the death of the grantor, the legal effect is that the grantor retains a life estate. (*Stewart* v. *Silva,* 192 Cal. 405 [221 Pac. 191]; *Northern California Conference Assn., etc.* v. *Smith,* 209 Cal. 26 [285 Pac. 314].) In any event, it must be presumed, as necessary to support the judgment, that the evidence discloses that the grantor Annie retained some interest in lot 95 until the conditions of the escrow were complied with. As those conditions do not appear in the record, such will be presumed as best favor the decision of the court.

■ Under Code of Civil Procedure, section 738, the owner of an estate or interest in land less than an estate in fee, can maintain an action to determine an adverse claim made by another person. (*Pierce* v. *Felter,* 53 Cal. 18.) There seems no doubt that section 738 of the Code of Civil Procedure is broad enough to sustain an action by one possessing or claiming an interest in real estate less than the fee. We conclude that it cannot be said that the original plaintiff was a stranger to the title because of the existing escrow.

■ [3]. It is not true that a tenant may not maintain an action to quiet title based upon adverse possession against his co-tenant. If the plaintiff's claim is hostile to the co-tenant, of which the co-tenant has notice, a quiet title suit may be maintained. (*Smith* v. *Barrick,* 41 Cal. App. 28 [182 Pac. 56]; *Akley* v. *Bassett,* 189 Cal. 625 [209 Pac. 576].) Of course it is true that one who enters into possession of property avowedly as tenant in common with others, cannot, upon such showing, maintain an action to quiet title against his co-tenants, but if his possession is hostile to his co-tenants, of which they are put on notice, he may maintain such an action.

■ Any act of the co-tenant in the exclusive possession which manifests an intention on his part to hold exclusively for himself is equivalent in law to an actual ouster. (*Feliz* v. *Feliz,* 105 Cal. 1 [38 Pac. 521].) ■ A tenant in common who enters into the actual possession of land under claim and color of title and has maintained possession and exercised acts of ownership openly and notoriously, claiming same adversely to other tenants who are of age, and paying taxes assessed thereon for more than five years prior to the commencement

of an action against him, thereby acquires a title by prescription under the statute of limitations. (*Gregory* v. *Gregory,* 102 Cal. 50 [36 Pac. 364].) See, also, *Winterburn* v. *Chambers,* 91 Cal. 170 [27 Pac. 658]; *Union Oil Company* v. *Stewart,* 158 Cal. 149 [110 Pac. 313, Ann. Cas. 1912A, 567].)

■ Regardless of the construction which we may place upon the rules of law, we deem it significant that all of the circumstances appearing in the record would indicate that it is true, as the court found, that the parties to the divorce action were mutually mistaken in their description of the property alleged by the plaintiff to be held as community property. There can be no doubt that both the plaintiff and the defendant in that action knew and understood that after the entry of the interlocutory decree the plaintiff therein went into possession of, and solely and alone possessed the only real estate owned by the parties. There can be no doubt that the avarice of the defendant was awakened when the attempt was made by the original plaintiff to correct an error in her complaint which was carried through into the judgment. We deem such an inference the only reasonable one we can place upon the facts and circumstances of the transactions herein involved. Under these facts, we cannot disregard the plain intention of the trial court in the divorce action to find and hold that the lot thereafter possessed by the plaintiff was the lot which both the court and the litigants had in mind at the time of the entry of the interlocutory decree. Because of the conclusion we have reached with reference to the second count of the plaintiff's complaint, it becomes unnecessary to pass upon the issues raised by the first count and the defendant's answer thereto.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.