[Civ. No. 16307. Second Dist., Div. One. July 20, 1948.]

EMELIE MARIE ROGERS, Respondent, v. GEORGE ALLEN ROGERS, Appellant.

Morris Lavine for Appellant.

Krag & Sweet and David T. Sweet for Respondent.

WHITE, J.—This matter is before us on an appeal by defendant from (1) that portion of the judgment awarding to plaintiff, as her share of community property, certain parcels of land allegedly acquired by defendant through the exchange of various separate properties which he owned prior to marriage, and which, it is claimed, were separately con-

verted into the two parcels here in question by a series of exchanges and business deals; (2) from that part of the judgment awarding plaintiff's counsel $4,000 as additional fees for legal services rendered in the divorce action, and (3) from the order denying defendant's motion for a new trial.

Plaintiff and defendant intermarried on August 21, 1936. On February 27, 1946, the former instituted an action for divorce against the latter, and was awarded an interlocutory judgment on the ground of habitual intemperance. At the trial it was stipulated that all of the real property was community property save and except two parcels designated in plaintiff's complaint as Parcels 3 and 4. As to Parcel 3, defendant contended that the community interest therein "is limited to an undivided one-half interest thereof, the remaining one-half representing the separate property of defendant, being a transmutation and legal increase of property and money owned by the defendant prior to his marriage with plaintiff." As to Parcel 4, it was asserted by defendant that the same was his separate property, representing the transmutation and legal increase of money and property owned by him prior to his said marriage. The court found both the aforesaid parcels to be community property, and in accordance with subdivision 2, section 146 of the Civil Code, divided the same equally between the parties. The question presented to us is whether there was sufficient evidence to sustain such finding and award.

Appellant husband had been engaged in the real estate business since 1924, and prior to his marriage he had acquired several properties as his separate property.

During the first year of their marriage, respondent was employed as a beauty shop operator, earning from $16 to $35 per week and thereafter, during the continuance of her marriage, respondent operated her own business. Her salary while employed and her earnings from her business were deposited in a joint banking account.

Insofar as the two properties here in question were concerned, the deeds thereto were taken in joint tenancy, with right of survivorship.

It is conceded by respondent that prior to his marriage appellant was possessed of certain separate properties, "and that said properties by sale and exchange ultimately comprised a portion of the interest in Parcels 3 and 4," with which we are now concerned. However, respondent asserts that there is in the record substantial evidence to establish

the fact that any such interest lost its separate character and became a part of the community property by agreement between the spouses, fully consummated by them during their marital life by their acts and conduct.

At the outset it should be noted that the finding of the trial court that the property is separate or community, when supported by substantial evidence, notwithstanding there is evidence in conflict therewith, or that the evidence is such that conflicting inferences may be drawn therefrom, is binding and conclusive upon an appellate tribunal. Before he can prevail on this appeal, appellant must not only show that the evidence would support a finding that the property is separate, but must show that it compels, as a matter of law, such finding—in other words, that the finding that it is community property is totally unsupported (*Estate of Trelut*, 26 Cal.App.2d 717, 723 [80 P.2d 147]). Though it be conceded that the record contains ample evidence from which the trial court could have found in favor of the appellant, we are bound by a contrary finding unless it be made to appear that there is an entire failure of any substantial evidence to support the latter.

In the case at bar, there was testimony that the spouses had at all times taken their property as joint tenants, due to the fact that the husband advised the wife that doing so assured to each of them the right of survivorship. That on more than one occasion appellant had told respondent that everything that they had was community property. That "joint tenancy and community property were one and the same."

With reference to Parcel 3, respondent testified that her husband stated to her that the same was community property, and that "we were putting all our properties in this one property, so that it would be easily handled." That the husband further stated "that it was our community property. We would take it in joint tenancy." With reference to their taking title to their properties in joint tenancy, respondent testified, "He (appellant) also told me that everything we had was community property, that it was our both, it belonged to both of us, equal valuations . . . well that everything was equally mine, that we had equal valuations on everything, everything was community property."

While it is true that property held in joint tenancy cannot be held as community property because certain incidents of the former would be inconsistent with incidents of

community property, nevertheless, evidence is admissible to show that husband and wife who took property as joint tenants actually intended it to be community property (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 705]; *LaMar* v. *LaMar*, 30 Cal.2d 898, 903 [186 P.2d 678]; *Wood* v. *Wood*, 81 Cal.App.2d 727, 728 [185 P.2d 53]). ▮ And the trial court is not bound to base its conclusion as to the character of the property upon the deeds alone. The form of the deeds is not always necessarily controlling. As was said in *Estate of Wilson*, 64 Cal.App.2d 123, 126 [148 P.2d 390]: "It is now too well settled to justify more than the citation of the authorities that in spite of the mold into which a deed would seemingly press a title, either because of the intent with which the deed was made (*Horsman* v. *Maden* (1941), 48 Cal.App.2d 635, 640 [120 P.2d 92]), or made and received (*Williamson* v. *Kinney* (1942), 52 Cal.App.2d 98, 102 [125 P.2d 920]), or because of an oral agreement between a husband and wife, carried into effect, determining their respective interests in real estate (*Kenney* v. *Kenney* (1934), 220 Cal. 134, 136 [30 P.2d 398]; *Schipper* v. *Penkalski* (1941), 46 Cal.App.2d 28, 32 [115 P.2d 231]; *Marvin* v. *Marvin* (1941), 46 Cal.App.2d 551, 556, 557 [116 P.2d 151]; *Estate of Sehabiague* (1941), 47 Cal.App.2d 793, 799 [119 P.2d 30]; and see *Estate of Watkins* (1940), 16 Cal.2d 793, 797 [108 P.2d 417, 109 P.2d 1], and cases cited) property which, measured by the deed, would not be community property, nevertheless may be just that. . . ."

▮ The finding of the trial court herein is amply supported by evidence tending to show an executed oral agreement between the parties that all properties owned by them at the time of marriage and all properties subsequently acquired should be community property. ▮ It is now well settled that such an executed oral agreement serves to change the property from that of separate to community (*Kenney* v. *Kenney*, 220 Cal. 134, 136 [30 P.2d 398]).

▮ That the taking of title in the name of the spouses as joint tenants amounts to a binding agreement between them that though community funds may be invested therein, the property shall not thereafter be held as community property must be regarded as stating the applicable rule only "in the absence of any evidence to the contrary" (*Tomaier* v. *Tomaier*, *supra*, p. 758).

Added strength is given the finding here under attack when it is remembered that throughout their married life the

spouses commingled their holdings. They maintained a joint bank account, into which respondent wife deposited her earnings resulting from her employment and operation of her business throughout their married life, and into which account appellant placed moneys acquired from the sale of property and collection of rents.

We are persuaded that in the instant case there is sufficient evidence, if believed by the court, to support the conclusion that both spouses considered and intended all of their property to be community property, and that the joint tenancy form was utilized only to preserve the right of survivorship in both of them.

■ Furthermore, appellant was not prejudiced by the finding of the court and the division of the property made thereunder for the reason that in a divorce case, whether the property is a joint estate or community property, the trial court has the power to divide the same equally (*Siberell* v. *Siberell*, 214 Cal. 767, 775 [7 P.2d 1003]; *Tomaier* v. *Tomaier*, *supra*, p. 758). On the record before us it is manifest that no injustice was done the rights of appellant by the court below in the matter of the division of the property.

Appellant's final contention is that the court erred in allowing respondent the sum of $4,000 for additional attorneys' fees, the point being that the amount was excessive, and that whatever allowance was made should be chargeable against the share of the property awarded to respondent.

At the trial it was stipulated that "the court shall also make an award of counsel fees for respective counsel as may be just for services rendered." At the hearing relative to attorneys' fees counsel on both sides testified as to the amount of time spent and work done in the case by each of them, following which a finding was made that the sum of $4,000 was a reasonable and proper sum to be allowed respondent for attorneys' fees, $1,170 to appellant's attorney "considering the volume of work that the respective attorneys have done."

In its conclusions of law the court directed "That plaintiff and cross-defendant Emelie Marie Rogers be ordered to withdraw from the community assets and pay direct to Krag & Sweet, her attorneys, the sum of $4,000 as additional attorneys' fees, and pay direct to C. E. Christopher, Esq., attorney for defendant and cross-complainant, the sum of $1,170 as additional attorney's fees." The attorneys' fees were thus ordered paid from the community assets, thereby requiring each party to bear one-half thereof.

Appellant's counsel on this appeal did not represent him at the trial, but his counsel at that time voiced no objection to the amount of attorneys' fees as allowed. Manifestly, if an award of attorneys' fees is to be reviewed on appeal, an objection to the amount thereof should be made in the trial court, especially where, as here, it was stipulated that the court might determine that issue in the light of what to the court "may be just for services rendered." As was said in *Meyer* v. *Meyer*, 184 Cal. 687, 690 [195 P.387] : "Furthermore, no objection whatever to the allowance was made in the trial court by the defendant. If he had an objection, he should have made it."

For the foregoing reasons, the attempted appeal from the order denying defendant's motion for a new trial is dismissed. The portions of the judgment from which this appeal was taken are, and each is affirmed.

York, P. J., and Doran, J., concurred.