[Civ. No. 21449.   First Dist., Div. Two.   Aug. 17, 1964.]

PAULINE DURKER, Plaintiff and Appellant, v. MARIE ZIMMERMAN, Defendant and Respondent.

Hollander, Lipian & Horwitz, Armin I. Horwitz and Irving J. Kornfield for Plaintiff and Appellant.

Dodge, Reyes, Brorby, Kahn & Driscoll and Robert P. Brorby for Defendant and Respondent.

TAYLOR, J.—Pauline Durker, individually and as administratrix of the estate of her late husband, William Durker, appeals from a judgment denying her prayer to impose a constructive trust on a 1960 Valiant automobile and the proceeds from a group insurance policy in the possession of respondent, Marie Zimmerman. Appellant contends that these assets were the community property of herself and decedent and that there is no substantial evidence to support the trial court's findings that they were decedent's separate property.

The facts disclose that appellant and decedent were married in July of 1953. This marriage was never dissolved. In February 1959, appellant and decedent separated and thereafter never lived together as husband and wife. When they separated, decedent took the Cadillac automobile and left the furniture with appellant in their apartment. Some time later, appellant took the furniture to her mother's home. Subse-

quently, decedent lived with the respondent. In November 1961, decedent and respondent went through a marriage ceremony.

At the time of his death on February 2, 1962, decedent was insured under a group life insurance policy, the premiums for which had been paid by deduction from his earnings and the contributions of his employer, California Ink Company. This employment commenced after decedent separated from appellant. Respondent, as the named beneficiary of the policy, received the proceeds in the amount of $10,000.

On the date of his death, decedent and respondent were the registered owners of a 1960 Valiant automobile. The evidence disclosed that it was purchased on a conditional sales contract with payments being made from their mutual earnings pooled pursuant to an oral agreement. We need not discuss the facts relating to the alleged use of the Cadillac automobile as part of the downpayment, as they are not material to the basis of this opinion. The balance due on the Valiant after decedent's death was paid with the proceeds of an insurance policy obtained for this particular purpose when the automobile was purchased.

The trial court found that immediately prior to the separation of appellant and decedent, they entered into an oral agreement, which they subsequently executed, whereby the furniture belonging to them at that time was to become the separate property of appellant; the Cadillac automobile which had been purchased in 1956 with community funds and was then held in the name of decedent was to be his separate property; and after the separation, both of the parties were to hold their respective earnings as separate property and not as community. The court consequently found that appellant had no community interest in the Valiant automobile or in the group insurance and rendered judgment for respondent.

The sole question before us is whether there is any substantial evidence to sustain these findings. In determining this issue, we must resolve all conflicts favorably to respondent and allow her every inference reasonably deducible from the evidence (*Primm* v. *Primm,* 46 Cal.2d 690 [299 P.2d 231]).

A husband and wife may change the status of their property from community to separate by an executed oral agreement (*Kenney* v. *Kenney,* 220 Cal. 134, 136 [30 P.2d 398]; Civ. Code, §§ 158, 159). The mutual consent of the parties is sufficient consideration (Civ. Code, § 160) and the agreement is not required to be reduced to writing (*Estate of Patterson,* 46 Cal.App. 415 [189 P. 483]).

■ It is not essential to show an express oral agreement (*Long* v. *Long*, 88 Cal.App.2d 544 [199 P.2d 47]). The agreement may be inferred from the circumstances. All that is required to show an executed oral agreement of transmutation is proof of the parties' acts and conduct in dealing with their property (*Lawatch* v. *Lawatch*, 161 Cal.App.2d 780, 789 [327 P.2d 603]).

■ Here, we have a physical division on separation of the only properties possessed by appellant and decedent. The testimony further establishes that after the separation, they never lived together as husband and wife. Except for brief perfunctory conversations in March, April and May 1959, when the decedent returned to pay the rent, there was never any contact or communication between appellant and decedent in the three-year period between the separation and decedent's death. In June 1959, appellant returned to her parents' home and took the furniture with her. Subsequently, she returned to work and was continually employed thereafter. Appellant made no demands on decedent for support nor asserted any right in the Cadillac automobile. Although decedent was unemployed from May 1959 until he went to work for California Ink Company in November 1960, he never made any demands on appellant concerning her earnings or the furniture. During this period of unemployment, decedent and his mother were supported by respondent who, after his death, paid all debts and burial expenses.

The record further reveals that in their federal and state income tax returns for 1959 and 1960, appellant and decedent each stated they were married to the other but indicated the returns were separate. None of the returns took advantage of the provisions for splitting of income. ■ It is well recognized that income tax returns may be indicative of an agreement concerning the character of the income reported thereon (*Estate of Cummins*, 130 Cal.App.2d 821, 829 [280 P.2d 128]). ■ While the filing of such returns does not establish transmutation as a matter of law (*Estate of Neilson*, 57 Cal.2d 733, 744-745 [22 Cal.Rptr. 1, 371 P.2d 745]), a trial court may construe income tax returns as evidencing an agreement concerning the nature of property (*Nevins* v. *Nevins*, 129 Cal.App.2d 150, 159 [276 P.2d 655]). ■ Here, the failure of the parties to take advantage of income splitting provisions is an indication that the income of each was to be treated as separate property (cf. *Lawatch* v. *Lawatch*, *supra*, at p. 790, where the trial court held that the splitting of

income on joint returns indicated that the husband's earnings were treated as community property).

Appellant cites *McLaughlin* v. *McLaughlin,* 141 Cal.App.2d 494 [294 P.2d 878], to the effect that property settlement agreements between husband and wife made after separation must be in writing and argues that the occurrence of the separation immediately after a bitter argument and the wife's testimony denying any agreement, oral or written, make a finding of an oral agreement entered into prior to separation untenable. ■ The weight and credibility of the evidence, and the intention of the parties that may reasonably be inferred therefrom are matters entirely within the sound discretion of the trial court. ■ We see no abuse of that discretion. The physical disposition of the possessions at the time of separation and the conduct of appellant and decedent toward each other over a long period of time thereafter clearly justify the court's conclusion that a pre-separation oral agreement was entered into, and executed by the parties concerned.

We conclude that the Cadillac automobile and all earnings of decedent subsequent to his separation from appellant were properly found to be his separate property and that appellant has no community interest either in the Valiant automobile or in the proceeds of the group insurance policy.

The judgment is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 15, 1964.