[Civ. No. 18171.   Second Dist., Div. Two.   Apr. 27, 1951.]

DELPHINA PALAZUELOS, Respondent, v. ADOLFHO
PALAZUELOS, Appellant.

Charles F. Kromm for Appellant.

Neil D. Heily for Respondent.

WILSON, J.—The only question involved on this appeal is
whether the court erred in setting aside to plaintiff as com-
munity property certain real property which stood of record
in the names of plaintiff and defendant as joint tenants. The
court granted an interlocutory decree of divorce to plaintiff.
Defendant has appealed only from that portion of the judg-
ment decreeing that joint tenancy property of the parties
was community property and awarding it to plaintiff.

The deed whereby the property was acquired recites that
it was conveyed to the parties "as joint tenants." There is
evidence to the effect that it was purchased with funds ac-
quired by the parties during their married life. Plaintiff
testified that she did not know the meaning of the term "joint
tenancy" while defendant testified that the escrow agent

who handled the transaction whereby they acquired the property explained the significance of the term to her.

The court found that plaintiff in fact did not understand the meaning of the term and did not intend that the earnings of herself and defendant acquired during their married life should be used to purchase the property in their names as joint tenants. ■ It is the rule that evidence may be admitted to establish that real property is community property although it has been acquired under a deed that in form ordinarily creates a tenancy in common or a joint tenancy. (*Wood* v. *Wood,* 81 Cal.App.2d 727, 728-9 [185 P.2d 53].) The cases cited by defendant, *Tomaier* v. *Tomaier,* 23 Cal.2d 754 [146 P.2d 905], *Cox* v. *Cox,* 82 Cal.App.2d 867 [187 P.2d 23], and *Watson* v. *Peyton,* 10 Cal.2d 156 [73 P.2d 906], are readily distinguishable. In both the Tomaier and Cox cases the rule announced in the Wood case is recognized, but in those cases there was ample evidence to show that it was the intention of the parties that the property be held in joint tenancy as recited in the respective deeds. In *Watson* v. *Peyton* the wife requested in writing the execution of the joint tenancy deed and the court stated that she could not defeat her act by a hidden intention not disclosed to the other party at the time of the transaction. Such circumstances did not exist in the instant case.

■ Defendant attempts to make a point of the fact that the complaint described the property as being on West Seventh Street in Oxnard whereas it was actually on East Seventh Street. The court found that the property acquired by the parties was the same as that described in plaintiff's complaint as her pleading was amended during the trial to conform to the proof.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.