[Civ. No. 19380.   Second Dist., Div. One.   Apr. 22, 1953.]

HERBERT E. MADEMANN, Plaintiff and Respondent,
v. BENJAMIN F. SEXAUER et al., Defendants and
Respondents; MARY KULAS, Intervener and Appellant.

P. E. Durkee for Intervener and Appellant.

George L. Hampton for Plaintiff and Respondent.

DORAN, J.—The complaint herein seeks to quiet title to five pieces of real estate claimed to have been held in joint tenancy by the plaintiff Herbert D. Mademann and wife Frances Mademann at the time of the wife's death on November 1, 1950, and to cancel certain deeds.

Between February 1, 1937, and December 1, 1944, the husband purchased the real estate in question, residential property in Los Angeles County, with money owned by the husband before the marriage to decedent in November, 1936. Title was taken in the names of the husband and wife as joint tenants on the advice of the wife's brother, to the effect that joint tenancy and community property were the same thing

with the added advantage that if the joint tenancy form was used probate proceedings would be unnecessary upon the death of one of the spouses. Thereafter, on July 20, 1948, while in a hospital for leg amputations, the wife, without the husband's knowledge, signed, and acknowledged deeds purporting to convey the properties in question to the intervener-appellant, Mary Kulas, the wife's mother, said deeds being recorded July 22, 1948. On October 22, 1948, Mrs. Mademann executed an holographic will which bequeaths certain community personal property to relatives but does not mention any real property.

Thereafter, on January 12, 1949, at Mrs. Mademann's request, the appellant, Mrs. Kulas, signed and acknowledged three deeds purporting to reconvey the real estate to Mrs. Mademann. These deeds were kept in Mrs. Kulas' safe deposit box in Winona, Minnesota until November, 1949, when Herbert Mademann discovered that the wife had deeded the property to Mrs. Kulas. Mrs. Mademann then requested Mrs. Kulas to return the deeds that the former had made to the latter, which deeds were then given to Mr. Mademann and recorded on December 7, 1949.

As hereinbefore indicated, Mrs. Mademann died November 1, 1951, and the defendant Benjamin F. Sexauer was appointed administrator with will annexed. Herbert Mademann then brought this action against the administrator to quiet title and appellant Mrs. Kulas intervened to quiet title to a claimed undivided half interest in the property. Mr. Mademann and Mrs. Kulas are the only heirs of the decedent Frances Mademann.

The trial court found that despite the joint tenancy form of the conveyance, it was the intention of Mr. and Mrs. Mademann "that said title should be taken by them as their community property; that plaintiff intended to make a gift to his wife of a community interest in said property; and that plaintiff never at any time intended to transmute said property from community property to any other kind of property."

It was further found "That in signing and acknowledging said deeds purporting to convey the title to said property to said Mary Kulas, said Frances Mademann intended and attempted to make a testamentary disposition thereof; that she did not intend or attempt thereby to divest herself of any title or interest therein; that there was no consideration given for said deeds or any of them." Judgment was therefore entered that the real estate was community property, and that

"subject to the administration of the Estate of Frances Mademann, deceased, plaintiff Herbert E. Mademann is the owner in fee simple and is entitled to the possession of all that real property described in said plaintiff's complaint."

Mary Kulas, decedent's mother and intervener-appellant, maintains that the findings are "without support in the evidence," averring that it was the parties' intention to place the property in joint tenancy, and that such joint tenancy had been severed by the wife's act. In this connection appellant argues that "Title taken in joint tenancy may be severed by the acts of either of the parties without the consent of the other; that "The distinguishing incident of joint tenancy is the right of survivorship." It is also contended that "The secret intention to hold property other than granted is not effective," and that "Taking title to property in joint tenancy is conclusive in the absense of fraud, mistake, or undue influence."

The respondent Herbert E. Mademann, answers the above contentions by admitting that a joint tenancy may be terminated by either party, and that the secret intention of one tenant, not disclosed to the other, is not effective, but denies that the findings and judgment are not supported by the evidence.

Respondent's brief calls attention to *Estate of Jameson*, 93 Cal.App.2d 35 [208 P.2d 54], and *Sandrini* v. *Ambrosetti*, 111 Cal.App.2d 439 [244 P.2d 742], holding that although "A declaration in a deed or other instrument that spouses are to take as joint tenants raises the presumption that the legal title is in the parties in accordance with such language, . . . and destroys the statutory presumption that the property is community," nevertheless, under the holding in *Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 905], "evidence may be admitted to establish that real property is community property even though title has been acquired under a deed executed in a form that ordinarily creates in the grantee a common law estate with incidents unlike those under the law of community property."

The contention made by appellant that the form of the deed placing title to the property in joint tenancy, must govern in the present controversy, is untenable in the light of the above cases and other like decisions. As said in *Estate of Wilson*, 64 Cal.App.2d 123, 126 [148 P.2d 390], it is well settled that "in spite of the mold into which a deed would seemingly press title, . . . property which, measured by the

deed, would not be community property, nevertheless may be just that." And, as held in the Wilson case, the trial judge had ample justification for concluding that the property here in question was intended to be and was community property.

The trial judge was confronted with a question of fact as to the nature of the property, and the decision contrary to appellant's contention finds substantial support in the record. Such being the situation, and regardless of the fact that there is also evidence from which appellant's argument might find support, the findings of the trial court must be sustained.

In this connection it may be observed that the intricacies of the law and the subtle distinctions in respect to real estate titles, community property in particular, are not generally understood by the layman. Certainly the real nature of a particular transaction rather than the verbal form in which it is cast, must always be the decisive factor in cases of this nature.

The record herein discloses substantial evidence that Mr. and Mrs. Mademann intended the real estate, whatever its source, to be community property, and that the joint tenancy deed was executed because of certain advice given by a person not a lawyer, and under the belief that this procedure would simplify the steps necessary to be taken upon the death of one spouse.

Likewise, there is substantial support for the finding that in making the deeds to Mary Kulas, decedent's mother, "Frances Mademann intended and attempted to make a testamentary disposition thereof; that she did not intend or attempt thereby to divest herself of any title or interest therein; that there was no consideration given for said deeds." In this connection it will be recalled that the deeds to Mary Kulas were made July 20, 1948; that Mary Kulas signed deeds back to Mrs. Mademann on January 12, 1949, which latter deeds were not recorded until December 7, 1950. Appellant's assertions that a joint tenancy may be terminated by either party, and that the secret intention of one tenant is not effective, although true, are inapplicable to the present situation.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Intervener and appellant's petition for a hearing by the Supreme Court was denied June 18, 1953.