[Civ. No. 21716. Second Dist., Div. Three. Jan. 11, 1957.

WILMA JENKINS, Respondent, v. LYNN JENKINS,
Appellant.

Barry Sullivan for Appellant.

Edward K. Brody and Herman Greenschlag for Respondent.

SHINN, P. J.—Plaintiff sued for divorce; defendant filed a cross-complaint. Each charged the other with cruelty. Findings and judgment were in favor of plaintiff on the com-

plaint and the cross-complaint. Defendant appeals. We will take up the points on appeal in the following order.

■ It is contended that although plaintiff's testimony would have been sufficient, if corroborated, to establish the charge of cruelty there was legally insufficient corroborative evidence. The contention is not sustainable. Plaintiff testified to numerous acts of violence at the hands of defendant extending over a number of years and the use by defendant of much vile language and name-calling. The opprobrious epithets were those commonly employed by persons addicted to the use of bad language. Plaintiff's testimony was corroborated by that of a friend and neighbor that she frequently heard defendant shout such epithets at plaintiff, following which she had observed plaintiff suffering ''heart spasms.'' Two notes written by defendant to his wife were placed in evidence. They furnished evidence of defendant's vulgarity. Also in evidence were numerous cigarette stubs adorned with lipstick. On three separate occasions after she had been absent from home plaintiff found the cigarette stubs in the house and asked defendant about them. His answers were uninformative and extremely rude. Plaintiff was naturally distressed. The court made no mistake in finding defendant guilty of extreme cruelty.

■ A further contention is that the home of the parties stood in joint tenancy and that the court was in error in finding that it was community property, as alleged by plaintiff. This contention also is untenable. There was evidence of the following facts: The property had been purchased with the earnings of defendant for use as a home. The parties, at the suggestion of friends and of an escrow clerk, informed the clerk that title should be taken by them in joint tenancy; at that time the parties did not know the difference between joint tenancy and community property; defendant did not know what community property was; the only reason they had for using the form of joint tenancy was that they had been told that in the event of the death of either of them title would go to the survivor without proceedings in probate; there had been no previous understanding that the property would be put in joint tenancy nor any discussion of it. The escrow clerk told them that title should be put in joint tenancy as a matter of convenience. The evidence was clearly sufficient to justify a finding that this was the sole purpose the parties had in following the advice that title should be placed in joint tenancy. It is a common practice for a hus-

band and wife who have acquired funds as community property to use the same in the purchase of real property and to take title thereto as joint tenants, being motivated solely by a desire to have the privileges of survivorship. It frequently happens that they have no intention of abandoning community ownership and do not understand that placing the title in joint tenancy would affect the change of ownership or would serve any purpose other than to avoid the necessity of proceedings in probate. If the evidence is sufficient to convince the court that the parties had no agreement and no intention to alter the community character of the property it may properly be determined that it remains community property notwithstanding the fact that title was knowingly taken in joint tenancy. (*Rogers* v. *Rogers*, 86 Cal.App. 2d 817 [195 P.2d 890] ; *Mademann* v. *Sexauer*, 117 Cal.App. 2d 400 [256 P.2d 34] ; *Palazuelos* v. *Palazuelos*, 103 Cal.App. 2d 826 [230 P.2d 431].) In the present case the finding that the property remained community property is supported by reasonable inferences from the evidence and is therefore conclusive on the appeal.

By its judgment the court divided certain personal property between the parties; it ordered the real property sold and the proceeds, after certain adjustments, to be divided 75 per cent to the plaintiff and 25 per cent to the defendant; it ordered defendant to pay plaintiff for support and maintenance $125 per month until the further order of the court. Other provisions of the decree are not material to our inquiry.

The next point urged by appellant is that the court had no authority to order a sale of the real property, which the parties stipulated to be of the value of $12,000. The point is that the court had no authority to divide the community property or order a sale of it except by final decree. Respondent concedes that the disposition of the property in terms of the interlocutory decree was not immediately effective. The rights of the parties in the property and the matter of support of plaintiff were properly adjudicated and the provisions of the interlocutory decree should be carried into the final decree. (*Dowd* v. *Dowd*, 111 Cal.App.2d 760 [245 P.2d 339].)

Appellant computes the value of the personal property and his share of the proceeds of a sale of the home that was awarded to him at $4,278.25 and the value of that awarded to respondent at $9,919.55. He apparently contends, without argument, that it was an unfair division. There is nothing in the circumstances of the parties that indicates to us that

it was not an equitable division. Appellant argues that the allowance of $125 per month for plaintiff's support was excessive. He is a house painter. The amount of his earnings was not definitely shown but the court expressed the opinion that they amounted to somewhere between $300 and $500 per month. The court found that he is an able-bodied man capable of earning more than $300 per month. This finding is supported by substantial evidence. The amount allowed to plaintiff for support is not excessive. The parties had been married for over 27 years. There was no evidence that plaintiff is capable of supporting herself. The marriage was childless and defendant has no dependant other than plaintiff. No other points are urged by appellant which require discussion.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.