[Civ. No. 11341. First Appellate District, Division Two.—April 4, 1940.]

JUAN PADILLA, Respondent, v. MANUELA PADILLA, Appellant.

Theodore Gottsdanker for Appellant.

A. H. Foster for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to obtain a decree declaring and enforcing an alleged resulting trust in and to an undivided one-half interest in a lot and the improvements thereon situated in the city of Watts in the county of Los Angeles. The defendant filed an answer setting forth many denials and she also filed a cross-complaint to quiet title. The plaintiff answered the cross-complaint. The action was tried before the

trial court sitting without a jury. After the case had been submitted the trial court announced its decision in favor of the plaintiff. Written findings of fact and conclusions of law were waived. Thereafter the defendant made a motion for a new trial. The motion was denied. She has appealed from the judgment and from the order denying the motion for a new trial, and has brought up a bill of exceptions.

The order denying a motion for a new trial is not an appealable order and the appeal therefrom is dismissed.

The plaintiff and the defendant from 1923 until 1936 although not married lived together as husband and wife. To them one child, a daughter, was born. That child has been cared for by both parties as though born in lawful wedlock. On the 29th day of May, 1929, the plaintiff and defendant entered into an agreement to purchase the property in suit. As alleged by the plaintiff it was agreed by him and the defendant that they should make the purchase jointly, that each should pay one-half of the purchase price, and that they should own the property jointly. The purchase price was $700. There was paid down in cash the sum of $50. The balance of the purchase price, $650, was payable in instalments $15 or more per month, including interest. The payment of said balance was evidenced by a promissory note. A deed was made to the purchasers, they executed a trust deed to secure the payment of the promissory note, and went into possession. After the payments had been made the trustees reconveyed the property. The deed designated the defendant as the grantee and recited that the estate was conveyed to her as her separate property. Both parties signed the promissory note and both parties signed the trust deed. The deed of reconveyance followed the language of the original deed in designating the grantee. The recital in each deed that the property was conveyed to the grantee as her separate property was inserted without the knowledge or consent of the plaintiff. No question of title arose until the 30th of May, 1936. At that time the defendant and the plaintiff had a quarrel, the plaintiff was, by the defendant, ordered out of the house at the point of a gun, and directed never to return. Before leaving the plaintiff asked the defendant to convey to him his half of the property in suit. She refused and thereafter this action was commenced.

██ The defendant contends that the evidence is insufficient to sustain the judgment. She argues that the evidence shows she was in receipt of certain moneys sufficient to make the payments. That is so, but it is likewise true the plaintiff testified that he made payments of one-half of the instalments as they fell due and furthermore that he purchased and paid for materials and constructed additions to the house. The defendant introduced no evidence to the effect that the plaintiff did not make every payment he was bound to make under the agreement.

In her next point the defendant claims that if any trust existed it was a constructive trust and not a resulting trust. The claim may not be sustained. The facts clearly show a resulting trust. (*Moultrie* v. *Wright,* 154 Cal. 520, 523 [98 Pac. 257].)

██ In her last point the defendant claims the action is barred by section 343, Code of Civil Procedure. That claim is also without merit. As shown above the transaction presents a resulting trust as distinguished from a constructive trust. The statute did not commence to run until there was a demand for a deed or a repudiation. (*Faylor* v. *Faylor,* 136 Cal. 92 [68 Pac. 482].) In the instant case there was no repudiation until the 30th day of May, 1936. The action was commenced July 23, 1936. It follows that the case was commenced in time.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.