[Civ. No. 16560.   Second Dist., Div. Two.   Feb. 3, 1949.]

LINO BASSI, Respondent, v. MARIE B. BASSI et al., Appellants.

Hahn, Ross, Goldstone & Saunders for Appellants.

Edwin C. Boehler for Respondent.

WILSON, J.—Defendant has appealed from a judgment rendered in favor of plaintiff in an action for an accounting of moneys that he entrusted to her when he went into the military service. She has also attempted to appeal from an order denying her motion for a new trial, a nonappealable order.

Plaintiff and defendant were married on December 8, 1943. (Simultaneously with the entry of the judgment in this action an interlocutory decree of divorce was entered in favor of plaintiff against defendant in another action.) Prior to the marriage plaintiff had been inducted into the military service. The court found that he had previously accumulated as his separate property approximately $7,000; that in contemplation of being sent outside the continental limits of the United States and into battle zones he delivered to defendant his separate property consisting of moneys, bank accounts and accounts receivable that had accrued from his business prior to the marriage; that the funds were deposited in bank accounts in the joint names of plaintiff and defendant; that plaintiff reposed the greatest confidence and trust in his wife and believed that she would deal fairly and justly with him and by reason thereof he delivered his separate property to her for the purpose of preserving the same for him pending his return from military service; that the money remained plaintiff's separate property and was put in the joint control of plaintiff and defendant solely because of the exigencies and uncertainties of the war; that in violation of the trust and confidence reposed in defendant, and without authority so to do, she misappropriated $3,100 consisting of two sums, $1,900 which she "lost at the races" and $1,200 used by her to pay loans or premiums on insurance policies on the life of her former husband. Judgment was rendered against defendant for said amounts.

Defendant contends that there is no evidence supporting the finding that the money placed in the joint tenancy accounts was given to defendant in trust. She relies on the presumption of conjoint ownership of a fund in equal shares when a joint tenancy account is created substantially in statutory form, citing *Wallace* v. *Riley*, 23 Cal.App.2d 654, 664 [74 P.2d 807]. The court there held that the existence of

such an account, *when unexplained by other competent evidence,* fixes the respective rights of joint depositors with all the incidents of joint tenancy. The presumption of joint ownership of such an account may be overcome by evidence, just as the character of other property may be established by evidence. ▮ Property may be shown to be community property even though granted in fee simple to one spouse or conveyed to husband and wife as tenants in common or as joint tenants. (*Tomaier* v. *Tomaier,* 23 Cal.2d 754, 757 [146 P.2d 905] and cited cases.)

▮ There is evidence sufficient in amount and substantial in character to overcome the presumption of joint ownership and to sustain the finding that the money remained plaintiff's separate property and was delivered to defendant by plaintiff in trust pending his return from military service. Plaintiff's testimony is sufficient to overcome the presumption on which defendant relies and to sustain the finding. Statements found in various letters written by her to her husband while he was in military service confirm plaintiff's contention and negate the presumption of joint ownership. She stated that she was collecting moneys for him, assuring him she would protect him and his interests; that she was hiding his money for him; that all money collected was kept in an account; that she was not deceiving him; that when he returned he would see how she took care of things for him; that she was "not going into" any of his money; that she was putting money in different banks, stating the amounts, "so you don't think I am pulling a fast one on you when you return and see it all there you had and maybe a little more"; that she was not after any of his money; that it was to his advantage that he had married her; that she was working for his interests; that he should not trust his father; that she would not let any of them "do you dirt as long as I have your name"; that it was "up to me to protect yours as well as my own"; that all his money would be available when he returned. These letters were written for the purpose of confirming plaintiff's confidence and trust in defendant while she was using the money for her own purposes.

The entire fund had been expended before plaintiff's release from the military service, but the court found that only the amounts included in the judgment could be accounted for.

▮ The evidence shows that plaintiff was advised that his wife was using some of the money at the race track, and that he gave his tacit if not his express consent to her so

doing; in one letter he referred to a certain account and said "draw it out and do what you please with it"; in another, "I hope you are enjoying the horses . . . if you lose a little you worked long and hard enough." He acknowledged a letter from his wife stating that she was going to Santa Anita with another woman and said, "I know you were going to enjoy yourselves . . . I want you to go more often." He admitted while testifying that after he returned to Los Angeles he had a conversation with his wife about the loss of $1,900 at the races and said "I told her it was all right . . . I didn't object to the $1900, and I still don't. That is how I feel about it."

Although defendant spent the sum of $1,900 without authority, plaintiff's testimony shows his approval of her action in such an unequivocal manner as to constitute a waiver of his claim for its return. There is no evidence that he ever consented to or approved the use of $1,200 for payment of premiums and loans on insurance policies of defendant's former husband.

The judgment is modified by striking therefrom "$3100.00" and inserting in lieu thereof "$1200.00" and as so modified the judgment is affirmed. The purported appeal from the order denying defendant's motion for a new trial is dismissed.

It is ordered that each party pay its own costs.

Moore, P. J., and McComb, J., concurred.

Judgment and opinion were modified to read as above and a petition for a rehearing was denied February 18, 1949.