[Civ. No. 19813.   Second Dist., Div. Two.   Mar. 9, 1954.]

RUTH G. DAVIS, Respondent, v. WAYNE G. DAVIS, Appellant.

John E. Sisson for Appellant.

Jerrell Babb for Respondent.

FOX, J.—Plaintiff and defendant were married in April, 1940. In October, 1951, plaintiff sued for divorce upon the grounds of extreme cruelty and desertion, seeking also the custody of their two children then 4 and 6 years of age, an order for their support, and an award to her of all the community property. Defendant filed an answer in propria persona in which he denied all of plaintiff's allegations except that he was an able-bodied man regularly employed, that the parties had two minor children, and that plaintiff was a fit and proper person to have their custody. This answer was prepared by counsel for plaintiff in accordance with defendant's directions as an accommodation to him since he, desired to represent himself but did not know how to draw an answer. At the trial defendant acted as his own attorney, examining and cross-examining witnesses. He also testified. While he did not seriously contest the divorce, he did discuss with the court the property, its acquisition and character, encumbrance and income; also, his own and his wife's earnings, being respectively approximately $425 and $235 per month, and the amount to be paid for the support of the children. The testimony disclosed that all the property of the parties had been acquired since their marriage as a result of their earnings. In response to inquiries from the court, defendant stated he understood what community property is. He conceded the 1947 Plymouth car he drove and the six unit apartment house, which he valued at $32,500 and on which they owed $6,778, was community property. Plaintiff occupies one of these units. One other unit is furnished. The income of $360 per month is required to operate the property, pay taxes and upkeep, and make the monthly payments. Defendant claimed, however, as his separate property, two savings accounts totaling $2,140 and a cashier's check for $1,259.94. He contends these sums represented his share of certain funds which he and his wife had previously divided. He asserted she had spent her share. Plaintiff countered with the claim that

the funds were required for her and the children to live on and to replace furniture defendant had disposed of. Defendant also had a television and some workshop tools and equipment. Plaintiff had a television, and a 1950 Chrysler which, however, was not fully paid for.

The court granted plaintiff an interlocutory decree of divorce on the ground of extreme cruelty, awarded custody of the children to her with right of reasonable visitation on the part of defendant, ordered him to pay $50 a month for the care and maintenance of each child, and found all the above mentioned property to be community. In disposing of the property the decree provides that the apartment house, subject to the indebtedness, the furniture, the Chrysler and the television in plaintiff's possession shall go to her, while the savings accounts, the cashier's check, the Plymouth, workshop tools and equipment, and the television in defendant's possession shall go to him.

Thereafter defendant employed an attorney. A motion for a new trial was made supported by an affidavit of defendant in which he charged the attorney for plaintiff induced him not to procure legal representation by pointing out the lack of necessity therefor and the great expense thereof. He further claimed he had an agreement with plaintiff's attorney that the trial would be upon the desertion cause of action. Counsel for plaintiff denied these charges. He is supported by the affidavits of plaintiff, Doris Bailor and John E. Miller. As newly discovered evidence, defendant attached to his affidavit a photostat of the deed by which the apartment house property was acquired, showing it to be in the names of plaintiff and defendant "as joint tenants." In ruling on the motion for a new trial the judge filed a memorandum which, *inter alia,* stated: "The court finds the charges made by defendant against plaintiff's attorney, Mr. Babb, to be untrue." The court did, however, under the authority of section 662, Code of Civil Procedure, revise the disposition of the community property, so as to award to plaintiff an undivided two-thirds interest (instead of all) in the apartment house property and to defendant an undivided one-third interest therein. The motion for a new trial was thereupon denied. Defendant appeals from the judgment and the order denying his motion.

Defendant contends that (1) he was prevented from having a full and complete adversary proceeding upon the merits;

(2) the judgment is contrary to the law; and (3) the trial court abused its discretion.

■ In support of his first point defendant says: that "he was lulled into a situation of not procuring legal counsel, and further, that the trial proceeded upon a basis contrary to his understanding of the agreement made by such attorney (Mr. Babb) with him prior to the trial." This argument is based wholly upon his own affidavit. The simple answer to it is that the trial court found defendant's charges against Mr. Babb "to be untrue," and such finding on conflicting affidavits is binding on appeal. (*Warren* v. *Warren*, 120 Cal.App.2d 396, 400 [261 P.2d 309].)

■ Defendant argues that the judgment is contrary to the law because the court found the real property to be community although the deed to him and his wife was "as joint tenants." There can be no doubt that the property was purchased from community earnings. In such circumstances it is the intention of the parties rather than the form of the conveyance that determines the character of the property. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 905]; *Faust* v. *Faust*, 91 Cal.App.2d 304, 308 [204 P.2d 906]; *Perkins* v. *West*, 122 Cal.App.2d 585, 589 [265 P.2d 538].)

■ Defendant told the court that he understood what community property is. He then stated three times that the real property is community. This clearly justifies an inference that he intended this property to be so classified. Plaintiff also considered it to be community. Such evidence furnishes ample support for the court's finding on this issue and is binding on appeal. (*DeBoer* v. *DeBoer*, 111 Cal.App.2d 500, 505 [224 P.2d 953].)

■ Defendant insists the savings accounts and the cashier's check represent his "one-half interest of already mutually divided community," and is therefore his separate property. Plaintiff denied that she and defendant shared their joint bank account equally through the years and declared she had to use the particular money she drew out of the account for family needs. Under such circumstances the court was not required to find these funds were the separate property of defendant.

■ Defendant also contends that the interlocutory decree is contrary to the law and in excess of the court's jurisdiction in that it undertakes to make a present award of the community property to the respective parties. While the court drew the conclusion that certain property "should be

awarded" to the plaintiff and other property to the defendant, the decree uses the present tense in specifying how the property is to be divided. It appears, however, that the trial judge intended to provide that the property should be awarded to the respective parties in a particular manner but that this should be effective only upon the entry of the final decree. The interlocutory decree specifically provides that at the time of entering the final decree "*the court shall grant such other and further relief as may be necessary to a complete disposition of this action.*" The part of the decree relating to the award of the property must be read in conjunction with the italicized provision, *supra.* When so read, the result is that the interlocutory decree determines "the manner in which the community property is to be assigned at the time of the entry of the final decree. The language in the interlocutory decree purporting to make a final disposition of the community property will be disregarded as surplusage." (*Johnston* v. *Johnston,* 106 Cal.App.2d 775, 781-782 [236 P.2d 212]; *Webster* v. *Webster,* 216 Cal. 485, 493 [14 P.2d 522].) While this court could modify the decree and affirm it as modified (*Slavich* v. *Slavich,* 108 Cal.App.2d 451, 457 [239 P.2d 100]; *Dowd* v. *Dowd,* 111 Cal.App.2d 760, 765 [245 P.2d 339]), it is not necessary to take this action when the decree is considered in its entirety (*Lo Vasco* v. *Lo Vasco,* 46 Cal.App.2d 242, 247 [115 P.2d 562]).

Although defendant says the trial court abused its discretion he fails to point out any particular item in support thereof. Our examination of the record does not disclose any basis for his complaint.

There is no appeal from an order denying a motion for a new trial. (*Blair* v. *Williams,* 109 Cal.App.2d 516, 521 [240 P.2d 1043].) The appeal from the order is dismissed. The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.