[Civ. No. 20516.   Second Dist., Div. Three.   Mar. 4, 1955.]

MARY P. VERONIN, Respondent, v. MICHAEL J.
VERONIN, Appellant.

Barry Sullivan for Appellant.

Glen Behymer and Ralph W. Hoffman for Respondent.

ASHBURN, J. pro tem.*—Defendant appeals from an inter-
locutory judgment of divorce granted to plaintiff wife on
the ground of cruelty.   The only contention urged on his

*Assigned by Chairman of Judicial Council.

behalf is that the court erred in adjudging the home, which stood of record in both names as joint tenants, to be community property and in awarding it to plaintiff alone.

In her complaint respondent alleged the residence to be community estate and added this: ''Although the above described real estate is held in joint tenancy by the parties, they and each of them had heretofore agreed that the same should always retain its community property status, in addition to which said real property was acquired by the parties with community funds and through their joint efforts subsequent to their marriage.'' Defendant alleged and contended that the property was in fact owned in joint tenancy. The court found the quoted allegation to be true and awarded the home to plaintiff as her sole and separate property. Appellant claims that parol evidence was not admissible to contradict the terms of the deed and that, in any event, the evidence is insufficient to support the finding.

While a deed to spouses as joint tenants raises a presumption that they intended title to be so vested (*Gudelj* v. *Gudelj*, 41 Cal.2d 202, 212 [259 P.2d 656]; *Perkins* v. *West*, 122 Cal.App.2d 585, 589 [265 P.2d 538]), it is now thoroughly settled that parol evidence is admissible to show that they had a mutual intention that the property should in fact be acquired and held as a community asset. (*Gudelj* v. *Gudelj, supra; Tomaier* v. *Tomaier*, 23 Cal.2d 754, 757 [146 P.2d 905]; *Huber* v. *Huber*, 27 Cal.2d 784, 789 [167 P.2d 708]; *Mademann* v. *Sexauer*, 117 Cal.App.2d 400, 402 [256 P.2d 34]; *Perkins* v. *West, supra.*) And the remaining question is the sufficiency of the evidence in this case.

The property was purchased during marriage with community funds (which fact is not conclusive; *Gudelj* v. *Gudelj, supra*, at p. 212), and the reason for the joint tenancy deed is disclosed by appellant's testimony on cross-examination. ''Q. As a matter of fact, Mr. Veronin, isn't it true that when you went to the real estate office you and your wife told Mr. Miller that you wanted to buy this property as community property, and he said to you, 'If you are smart, you will have it put in joint tenancy, and if one of you died you would save the cost of probate'? A. That is right. Q. Did he say that? A. Yes.''

Plaintiff testified that at the time the property was acquired she and defendant ''agreed to having it community property . . . agreed to hold it as community property''; that title was taken as joint tenants ''because it would be more con-

venient for us''; that they talked every once in a while about whether the property was community or joint tenancy and always referred to it as community property. On cross-examination plaintiff said that the conversation before the purchase was as follows: ''A. Well, he said, 'If we buy the house it will be yours and mine.' Q. That is what he said? A. It will be community. Q. It would be what? A. Belong to him and me. Q. Belong to him and you? A. Yes. Q. What did you tell him? A. I said, 'All right.' '' Also: ''Q. After you bought the property, after you received the deed to it, did you ever talk to Mr. Veronin about the property? A. No. Q. Never did? A. No.'' This testimony is the only portion to which appellant's counsel refers. The seeming contradiction was explained on redirect, however. Plaintiff said that she was confused on cross-examination and ''we always talked about the house being his and mine; you know, 'we are both owners.' ''; that it was community property; and every once in a while they would talk about it. On recross she said they ''talked about it all the time.'' That the evidence is sufficient to support the court's finding of community status is not open to doubt. (See *Davis* v. *Davis,* 123 Cal.App.2d 753, 756 [267 P.2d 403].)

██ ''A determination by a trial court that the presumption has been rebutted is conclusive on a reviewing court unless it is manifestly without support in the evidence.'' (*DeBoer* v. *DeBoer,* 111 Cal.App.2d 500, 505 [244 P.2d 953].) To same effect are: *Sandrini* v. *Ambrosetti,* 111 Cal.App.2d 439, 449 [244 P.2d 742]; *Estate of Baer,* 81 Cal.App.2d 830, 833 [185 P.2d 412].)

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.