[Civ. No. 20944. Second Dist., Div. Three. Sept. 21, 1955.]

RUBY L. STAUFFER, Respondent, v. EUGENE STAUFFER, Appellant.

P. E. Durkee for Appellant.

Grudd & Grossman, Max L. Grossman and Maurice M. Grudd for Respondent.

ASHBURN, J. pro tem.*—Appeal by defendant from interlocutory judgment of divorce. The only question presented is the sufficiency of the evidence to sustain the court's finding that the residence of the parties, located in Burbank, California, is community property. Having so found the court awarded it to the wife. The title stands of record in the names of both spouses as joint tenants.

The testimony of defendant, if accepted, would have justified a finding that the property was in fact owned in joint tenancy. But that of plaintiff, which the court obviously did accept, afforded ample basis for the finding of community status. ▇ Of course this court's power, in such circum-

---

*Assigned by Chairman of Judicial Council.

stances, begins and ends with a determination of whether there is any substantial evidence to support the finding. (*Estate of Raphael,* 91 Cal.App.2d 931, 936 [206 P.2d 391]; *Guardianship of Kentera,* 41 Cal.2d 639, 645 [262 P.2d 317].)

■ To that end we accept as proved that evidence and those inferences which are favorable to respondent's case. (*Marino* v. *Valenti,* 118 Cal.App.2d 830, 840 [259 P.2d 84]; *Guardianship of Kentera, supra,* 41 Cal.2d 639, 645.)

■ The deed designating the two spouses as joint tenants raises a disputable presumption that they intended title to be so vested (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 212 [259 P.2d 656]; *Veronin* v. *Veronin,* 131 Cal.App.2d 298, 299 [280 P.2d 173]), but it is thoroughly settled that parol evidence is admissible to show that the parties had a mutual intention that the property should in fact be acquired and held as a community asset (*Gudelj* v. *Gudelj, supra,* 41 Cal.2d 202, 212; *Socol* v. *King,* 36 Cal.2d 342, 347 [223 P.2d 627]). ■ The source of the funds used for the purchase,—whether joint, community or separate—is evidentiary but not conclusive. (*Schindler* v. *Schindler,* 126 Cal.App.2d 597, 602 [272 P.2d 566]; *Gudelj* v. *Gudelj, supra.*) ■ And the intent that the property shall be community must be a mutual one (*Gudelj* v. *Gudelj, supra; Schindler* v. *Schindler, supra*).

■ Plaintiff wife testified that the home was purchased with funds belonging partly to each of them, some of which were in a joint bank account. That prior to the purchase her husband said the home "would be community property in both of our names because what was mine was his and what was his was mine anyway"; that when they were in the real estate office "the fellow asked us how we wanted to have it made out and he [defendant] told him to make it out . . . with both of our names, it was to be community property because what belonged to me belonged to him and what belonged to him belonged to me"; and she said that was agreeable to her. Plaintiff also testified that it had always been her understanding that community property was property purchased by the "earnings of one or the other people during the married life." Also that there was nothing said between her and her husband about joint tenancy and she did not then "know there was joint tenancy" property. Asked how the subject came up she said they were talking about whose name they should put the property in and defendant said "We will have it community property in both our names." The real estate man did not mention the property going to

the survivor in case of death or doing so without probate. ''He asked whose name we wanted it put in and my husband told him to put it in both of our names, it was to be community property''; she did not hear the words joint tenancy used; and her understanding was that so long as it was in both names it would be community property; she did not notice that the deed says ''with right of survivorship'' (in fact it does not do so), and does not understand what right of survivorship means. At the conclusion of the evidence the court remarked ''The house, it is perfectly evident, was community property and so intended.'' And the evidence clearly warrants that conclusion. The following quotation from *Estate of Raphael, supra,* 91 Cal.App.2d 931, 938, discloses striking factual similarity between the cases there mentioned and the one at bar. ''An examination of other cases in which testimony of an oral agreement was held to constitute sufficient proof to support a finding that separate property had been transmuted into community property, indicates that the conclusion reached by the trial court in the present case must be upheld. In *Kenney* v. *Kenney,* 220 Cal. 134 [30 P.2d 398], the husband testified that the parties had orally agreed, both before and after marriage, that all property then owned by them or subsequently acquired was to belong to them equally or 'fifty-fifty.' The appellate court observed in *Stice* v. *Stice,* 81 Cal.App.2d 792, 798 [185 P.2d 402], that 'the wife testified that the husband ''always said that everything we had was community property—belonged to both of us,'' and that ''he said it hundreds of times.'' The weight and effect of these items of evidence was, of course, a matter for the trial court to determine.' In *Durrell* v. *Bacon,* 138 Cal.App. 396, 398 [32 P.2d 644], the husband testified that his wife—who had separate property—told him 'what is mine is yours and what is yours is mine . . . this money will go into a home for us; it is just as much yours as mine.' '' *Estate of Raphael* also makes the following observation which is pertinent to the matter now before the court. ''The object of the oral agreement of transmutation was fully performed when the agreement was made for it immediately transmuted and converted the separate property of each spouse into community property, and nothing further remained to be done. (See *Martin* v. *Pritchard,* 52 Cal.App. 720 [199 P. 846].)''

A determination by the trial court that the presumption created by the joint tenancy deed has been rebutted is

binding on appeal unless it is manifestly without support in the evidence. (*Veronin* v. *Veronin, supra,* 131 Cal.App.2d 298, 300.)

Judgment affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.