[Civ. No. 19613. First Dist., Div. Two. July 10, 1961.]

FRANK L. MARTINELLI, SR., Respondent, v. CALIFOR-
NIA PACIFIC TITLE INSURANCE COMPANY (a
Corporation) et al., Defendants; MOERDYKE, ANDER-
SON, EVANS AND RHODES, Appellants.

Moerdyke, Anderson, Evans and Rhodes, and Stanley R. Evans, in pro. per., for Appellants.

Atkinson & Farasyn for Respondent.

DRAPER, J.—The trial court determined that plaintiff husband and his wife owned a 4-acre parcel of land as community property, despite the fact that their deed ran to them as joint tenants. Defendants, beneficiaries under a deed of trust executed by the wife's grantee, appeal. Two other parcels, although not directly involved in this action, are material to its determination.

In 1955, plaintiff and his wife bought some 90 acres known as Adobe Creek Lodge, and operated it as a resort area. The funds used in the purchase were community property, and the deed ran to "Frank Martinelli, Sr. and Irene H. Martinelli, his wife." Shortly thereafter, they bought from the same grantor some 6 acres across the street from the Lodge lands, intending ultimately to build a home thereon. They took this land as joint tenants. The 4-acre parcel here involved immediately adjoined the Lodge property, and was used by both the previous owner and the Martinellis under lease, as a picnic ground and children's playground, both conducted as an integral part of the Lodge operation. Plaintiff and his wife determined that this area was required to relocate the entrance to the Lodge lands, and to "square off the piece," i.e., the business property. They bought it in 1956. Negotiations for this parcel were conducted by the Martinellis' son-in-law, who had just been admitted to practice law. He drew the deed, but did not consult either of the Martinellis as to its form. Rather, he took the deed to the homesite, which was the first one he came across, and, conforming to that

document, drew the deed to the 4-acre parcel to ''Frank Martinelli and Irene H. Martinelli, his wife, in joint tenancy.'' He did not tell either grantee about this. By deed dated February 23, 1958, and recorded February 24, 1958, Mrs. Martinelli, without her husband's knowledge or consent, conveyed to their son all of her interest in all three parcels. Plaintiff testified that his first knowledge of the form of deed to the 4-acre parcel came when he consulted counsel on learning of the wife's deed to their son. He filed a quiet title action against the son immediately, and *lis pendens* was recorded February 26. The trust deed here in issue, executed by the son May 14 to secure payment of fees owed to appellant attorneys, covers only the 4-acre parcel. The evidence amply supports the finding that appellant attorneys knew of the action by father against son before they took the deed of trust. On June 9, the son conveyed to his mother the interest she had transferred to him, and the father dismissed his quiet title action against the son. Thereafter, the son failed to pay his note to defendant beneficiaries, and they sought to sell the wife's interest in the 4-acre parcel under their deed of trust. Plaintiff brought this action to quiet title in himself and his wife, naming her as a defendant because she refused to join as a plaintiff. The court found the parcel to be in fact community property of Frank, Sr., and Irene. In view of the further finding of defendant beneficiaries' knowledge of the claim of plaintiff at the time they took their deed of trust, decree quieting title in plaintiff and his wife was granted.

Appellants argue that the evidence is insufficient to sustain the finding that the property is community despite the joint tenancy form of the deed. Particular emphasis is placed on the fact that plaintiff testified that he had no discussion with his wife as to the deed form. He did, however, testify that he discussed with her the purchase of the 4 acres, and that the spouses agreed that the parcel was needed as a part of the resort area, and was to be used and operated as a part of this business property. There is no suggestion that the 4 acres were intended by either spouse to be used in any way in connection with the homesite property across the street.

 Despite the presumption that property acquired by spouses by a deed which describes them as husband and wife is their community property (Civ. Code, § 164), a deed to spouses as joint tenants raises the presumption that they hold the title as joint tenants, rather than as community property (*Perkins* v. *West,* 122 Cal.App.2d 585 [265 P.2d 538]).

But this presumption is not conclusive. ■ "[I]t is well settled . . . that property acquired under a joint tenancy deed may be shown to be actually community property . . . according to the intention, understanding or agreement of the parties" (*Socol* v. *King,* 36 Cal.2d 342, 345 [223 P.2d 627]). The party claiming the property to be community despite the deed form bears the burden of proving that fact (*Edwards* v. *Deitrich,* 118 Cal.App.2d 254, 260 [257 P.2d 750]).

■ Although this fact determination will not be disturbed on appeal unless manifestly without substantial support in the evidence (*DeBoer* v. *DeBoer,* 111 Cal.App.2d 500, 505 [244 P.2d 953]), the hidden intention of one grantee, not disclosed to the other, is insufficient to establish the community character of the property contrary to the face of the deed (*Socol* v. *King, supra,* 36 Cal.2d 342, 346; *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 212 [259 P.2d 656]).

It does not follow, as appellants seem to contend, that the spouse against whom it is contended that the property is community must have expressly stated "I agree that this land is community property." We are not concerned here with an agreement transmuting property formerly held in joint tenancy into community property, but with "the intention, understanding or agreement" of the spouses at the time the deed was received (see *Gudelj* v. *Gudelj, supra; Socol* v. *King, supra*). ■ Such intention or understanding may be shown by circumstances as well as by declaration (*Turknette* v. *Turknette,* 100 Cal.App.2d 271, 279 [223 P.2d 495]; and see *Socol* v. *King, supra,* p. 346; *Huber* v. *Huber,* 27 Cal. 2d 784 [167 P.2d 708]; *Edwards* v. *Deitrich, supra,* 118 Cal.App.2d 254, 259-260).

■ Here the circumstances speak eloquently of the intention of both spouses to take and hold the 4-acre parcel as community property. Of the two parcels previously purchased, they took the large area, intended and used for operation of the resort business, as "husband and wife." The smaller lot, intended as their future homesite, they took as joint tenants. In the course of operation of the 90-acre tract as a resort, they mutually agreed that the business required the acquisition of the 4 acres here in issue. The record is clear that this property was acquired and intended solely and expressly for use in the resort operation. It had no possible connection with the homesite. It follows almost inescapably that their intent and understanding, even though not formally

expressed, was that the small acquisition was to be held in the same way as the business property already owned. No possible reason is suggested for their taking the 4-acre parcel, costing $10,000, in a different form of holding from the 90 acres previously acquired for the business at a cost of $315,000, since the later acquisition was intended to be and was in fact used solely to round out and complete the holding required for operation of the resort business. If it were necessary to find an agreement, it could well be argued that this is one of the rather infrequent situations showing a true contract implied in fact (see 1 Williston on Contracts [3d ed.], 11, 49). Here, where but intention or understanding at the time of purchase is required, the evidence amply supports the finding of the trial court.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.