[Civ. No. 20564. First Dist., Div. Three. June 25, 1963.]

JOHN COSTELLO, as Trustee, etc., Plaintiff and Respondent, v. FLORENCE F. POOLE, Defendant and Appellant.

558

Stark & Champlin and Herbert P. Moore, Jr., for Defendant and Appellant.

Shapro & Rothschild and Robert E. Phelan for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff, as trustee of the estate of William Poole, a bankrupt, brought this action to set aside Poole's conveyance to defendant, then his wife, of his interest in a duplex house. It was stipulated that if plaintiff prevailed his recovery should be a lien limited to the amount by which the value of the property exceeded the exemption under a prior declaration of homestead. After trial without jury, plaintiff had judgment for $7,500. Defendant appeals.

The Pooles were married in 1943, and in 1949 acquired the duplex by deed to them as joint tenants. Defendant wife filed an action for separate maintenance August 8, 1956, later amending her complaint to seek divorce. In each pleading, she alleged that the duplex was community property. Property settlement agreement executed by the spouses February 7, 1957 declared the duplex to be community property, and awarded it to wife. On the same day, Poole deeded his interest to her.

Defendant contends that the duplex was held in joint tenancy at that time. The trial court found that it was community property "on August 8, 1956," and thereafter until deeded to defendant, and also found that by their later agreement the spouses "formally converted" the duplex from joint tenancy to community property. The inconsistency of these findings is not material. The question was whether the duplex was community property when conveyed to defendant February 7, 1957, and a conclusion amplifies the

findings to make clear the court's determination that such status did exist at the crucial date.

█ Property acquired by spouses by a joint tenancy deed may nonetheless be community in character, either if the spouses so intended and understood when they took the deed, or if they thereafter agreed to change its character (see *Martinelli* v. *California Pac. Title Ins. Co.,* 193 Cal.App.2d 604, 607 [14 Cal.Rptr. 542], and cases there cited). The instant agreement can most fairly be construed as a recognition of a continuing community status in which the property had been held. If it be construed as an agreement of transmutation, it was nevertheless effective before Poole's deed to his wife.

█ The question of the character of the property is one of fact for the trial court (*DeBoer* v. *DeBoer,* 111 Cal.App.2d 500, 505 [244 P.2d 953]). █ Although there was contrary evidence, that recited is sufficient to sustain the finding that the duplex was community property at the date of Poole's deed.

█ Plaintiff was required to establish that the transfer to defendant was voidable because it rendered Poole insolvent (Civ. Code, §§ 3439.04, 3439.09). █ One is insolvent when "the present salable value of his assets" is less than enough to pay his debts as they mature (Civ. Code, § 3439.02). █ Defendant argues that the evidence does not support the finding against Poole on this issue. But Poole's own books showed that disposition of the duplex left him with assets totalling less than his liabilities. An accountant testified that Poole's business had been operating at a substantial loss for at least a year, and that his bank account was overdrawn in large and progressively greater amounts. This testimony warranted the trial court's inference that the deed rendered Poole insolvent.

█ Defendant argues that only one "community debt," amounting to some $4,500, is here proven. Thus, she says, the judgment for $7,500 is excessive. █ The Bankruptcy Act provides that a transfer which, under state law, "is fraudulent as against or voidable . . . by any creditor," is void as against the trustee in bankruptcy (11 U.S.C.A. § 110(e)(1)). █ As to property upon which a creditor could have secured a lien, the trustee is vested with the creditor's rights "whether or not such a creditor actually exists" (11 U.S.C.A. § 110(c)). █ Plaintiff has shown that one creditor had the right to set aside the conveyance (Civ. Code, § 3439.09).

It is established that the trustee's recovery may exceed even the total claims against the bankrupt (*Miller* v. *Sulmeyer*, 263 F.2d 513). Thus defendant's more limited contention cannot be sustained.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.