FILED

FEB 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

A. C. SPICER,

               Trustee - Appellant,

  v.

SARAH CECCONI; et al.,

               Appellees.

No. 09-17111

D.C. No. 5:07-cv-03636-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted November 4, 2010
San Francisco, California

Before: GOULD and CALLAHAN, Circuit Judges, and KORMAN, Senior District
Judge.[**]

The Trustee for Enzo Giuseppe Cecconi's bankruptcy estate appeals from

the Bankruptcy Court's determination that, because Sarah Coleman Cecconi,

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]    The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for Eastern New York, Brooklyn, sitting by designation.

Enzo's wife, never intended to give Enzo any interest in her properties in Pebble

Beach, California, Enzo has no interest in the property. We affirm.[1]

We independently review the bankruptcy court's decision, giving no

deference to the district court's determinations. *Friedman Enters. v. B.U.M. Int'l,*

*Inc. (In re B.U.M. Int'l, Inc.)*, 229 F.3d 824, 827 (9th Cir. 2000). "The bankruptcy

court's interpretation of the applicable law is reviewed de novo, and its findings of

fact are reviewed for clear error." *Id* at 828. Under this standard, we may not

"reverse a lower court's finding of fact simply because we would have decided the

case differently;" rather we "must ask whether, on the entire evidence, [we are] left

with the definite and firm conviction that a mistake has been committed." *Easley*

*v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citations

omitted). We have noted that "[w]here there are two permissible views of the

evidence, the factfinder's choice between them cannot be clearly erroneous."

*Rufino v. United States (In re Rifino)*, 245 F.3d 1083, 1086 (9th Cir. 2001)

(quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)

(internal quotation marks omitted).

---

[1] The parties are familiar with the facts and we repeat them here only as necessary to explain our decision.

Applying this standard of review, we conclude that there is clear and convincing evidence to support the Bankruptcy Court's findings that (1) Sarah never intended to give Enzo a beneficial interest in the property, even when his name was placed on a title, (2) Sarah financed the purchase of the property solely through her separate property, and (3) Sarah and Enzo both testified credibly that neither intended for Enzo to hold any beneficial title in the property.

Although the placement of Enzo's name on the 1984 grant deed may have given rise to a gift presumption, *see Socol v. King*, 36 Cal. 2d 342, 348 (1950), such a presumption can be rebutted by parol evidence. *Owings v. Laugharn*, 53 Cal. App. 2d 789, 792 (1942). Here, Sarah and Enzo's credible testimony and evidence rebutted any gift presumption that arose from the 1984 grant deed.

Similarly, the Trustee's challenge to the Bankruptcy Court's determination that Sarah established a resulting trust in 1985 fails because there is sufficient evidence that Sarah financed the purchase with her separate assets and that both Sarah and Enzo understood that the property was Sarah's separate property.

The creation of the Cecconi Residential Trust in 1995 might well have altered the nature of the parties' interest in the property. However, under California law, the transmutation of real property must be in writing by "an express declaration that is made, joined in, consented to, or accepted by the spouse whose

3

interest in the property is adversely affected." California Family Code § 852(a). The Bankruptcy Court determined that there was no such express declaration in the Cecconi Residential Trust, citing *Estate of MacDonald*, 51 Cal. 3d 262 (1990). Although a close question, we agree that under California law, the Cecconi Residential Trust did not contain the requisite express declaration for the transmutation of property. *See In re Marriage of Starkman*, 129 Cal. App. 4th 659, 664-65 (2005).

The Trustee's assertion that the Bankruptcy Court failed to correctly apply the beneficial interest presumption in California Evidence Code § 662 is also unavailing as the Bankruptcy Court's factual findings that Sarah never intended to give Enzo any interest in the property and did not give him any interest in the property were not clearly erroneous.

The Bankruptcy Court's determination that Enzo holds no beneficial interest in the Pebble Beach property is AFFIRMED.

4